THE CHESAPEAKE BANK
vs.     }    September Term, 1848.
McCLELLAN AND RABORG.

[RIGHT OF APPEAL—OBJECTION TO TRUSTEE'S SALE.]

An appeal will lie from every decision which settles a question of right between the parties, no matter whether the decision was adverse, or by consent or default.

The right to appeal for the mere purpose of delay, seems to be recognised by the act of 1832, ch. 230, which directs the appellate court to award damages. in such cases, over and above the interest allowed by law on the judgment.

Whether an appeal will lie or not, in any given case, is for the appellate court, and not for this court, to decide; it being a question relating to the jurisdiction of the superior tribunal, and, therefore, for it alone to determine.

An objection to a sale, upon the ground that the decree under which it was made had been appealed from, and an approved appeal bond filed, of which the trustee, prior to the sale, had notice, was sustained and the sale set aside.

[In this case a decree passed, by consent, on the 5th of July, 1848, for the sale of certain mortgaged premises, unless the de-

fendants should, on or before the 15th of the same month, pay or cause to be paid, to the complainant, its mortgage debt, amounting to eight hundred and fifty dollars, with interest thereon from the 27th of January, 1847, and the costs of this cause. A trustee was appointed for the purpose of making such sale, and qualified by giving the required bond.

He then proceeded to advertise the property, after the expiration of the time limited for the payment of the debt ; but before the day of sale, on the 8th of August, 1848, the defendants entered an appeal from the decree, and filed an appeal bond, which was approved by the register of the court, as authorized by the act of 1826, ch. 200, sec. 5 ; and, it appears, by the report of the trustee, that there was exhibited to him, on the day of sale, but before the sale took place, a certificate from the register of the fact of such appeal having been entered, and of the filing and approvement of the bond.

The trustee, however, acting under the impression that no appeal would lie from a decree, by consent, proceeded to make the sale ; and having reported it, and exceptions having been filed by the defendants to its ratification, upon the ground, that the appeal and bond superseded the decree, the question was submitted to the court upon the notes of the solicitors.

Upon these exceptions the Chancellor says:]

———

THE CHANCELLOR :

The trustee maintains, that his proceeding in the matter was regular, because, an appeal will not lie from a decree, by consent, and refers to some observations made by the late Chancellor, in 1 *Bland*, 12, in which his honor does say, that a decree, passed by consent, cannot be appealed from ; but this position appears to be founded upon an analogy to proceedings at law, which, it seems to me, is not sanctioned by the practice or the decisions in this state. The remark of the Chancellor is, that "as at common law, no writ of error will lie from a judgment by default, or by consent ; so in equity, the decree or order appealed from must have been adverse, and not made by the express or tacit consent of the appellant."

28*

But, in the case of *Quynn* vs. *the State, Harr. & Johns.*, 36, a judgment, by confession, was taken by writ of error to the Court of Appeals, and the record was not only retained, but the judgment of the general court reversed ; and, it is believed, that the practice has been very general and of long standing, to take before the appellate court judgments and decrees, by confession, and by default ; and, that the only question ever made upon the subject of the right of appeal, has had reference, not to the proceedings which led to the decision appealed from, but to the character of the decision itself—that is, whether it settled the questions of right between the parties. If it did, the appeal has been entertained, no matter whether the decision was adverse, or by consent or default.

The right of appeal, for the mere purpose of delay, seems to have been recognised by the legislature, by the act of 1832, chapter 230 ; for, in such case, the court is directed to award damages, over and above the interest allowed by law upon the amount of the judgment. This law, though it imposes a penalty for taking a case before the Court of Appeals, merely for delay, yet appears to recognise the right, subject to the penalty, if, upon an examination of the record, the Court of Appeals should think it proper to impose it—that is, if the court should think delay alone was the object of the appeal.

But, whether an appeal will lie or not, in any given case, is for the appellate court, and not for this court, to decide ; it being a question relating to the jurisdiction of the superior tribunal, and, therefore, for it alone to determine. *Thompson* vs. *McKim*, 6 *Harr. & Johns.*, 302 ; *Oliver* vs. *Palmer and Hamilton*, 11 *Gill & Johns.*, 137.

In view of these decisions of the Court of Appeals, it would seem impossible to contend, that this court would be justifiable in affirming a sale, made under the authority of its decree, from which an appeal had been taken, and for the prosecution of which appeal, an approved bond had been given. The sale, therefore, must be set aside.