(Decided 11th July, 1882.)

JAMES H. GABLE, Trustee, &c. *vs.* E. CALVIN WILLIAMS, JOHN HENRY KEENE, JR. and LUTHER M. REYNOLDS, Receivers, &c., *et al.*    JAMES H. GABLE, Trustee, &c. *vs.* SAME.    HENRY A. GABLE *vs.* SAME.

*Appeal—Decree by Consent—Effect of the Decree going beyond the Terms assented to—Rights of surviving Partner over partnership assets—Effect of assignment by Surviving partner of his individual and partnership property for the benefit of his Creditors generally—Effect of a subsequent Declaratory deed, upon a deed originally void as against the Partnership creditors—Injunction to restrain the Trustees under the Assignment from disposing of the Partnership property.*

An appeal will not lie from a decree by consent.

The validity of such decree will not be affected by the fact that it was broader and more comprehensive than the agreement warranted, if the part in excess of the agreement was apart from the agreement warranted by the facts of the case and the state of the pleadings.

Gable, Trustee, &c. *vs.* Williams, *et al.*

A surviving partner is not permitted to apply the partnership assets to the satisfaction of his own separate individual debts before fully discharging those due from the firm.

A deed of assignment to trustees professed on its face to be made by G. as surviving partner of G. & B. It recited that the assignor was indebted to various parties in sums of money incurred in the prosecution of *his* business and otherwise; and that he desired to pay *his* creditors their respective claims, as far as he was able, without *preference*, prejudice, or partiality. It then granted all his property including as well that which he held in his own right as all that which he held as surviving partner, and provided that the trust-fund, after payment of costs, &c., and liens, should be applied "to the payment of all the creditors of the said G., without preference," the surplus, if any, to go to the assignor. HELD:

1st. That the dedication of the property to the payment of all the creditors of the assignor without preference, which of course included the separate individual creditors of the surviving member of the firm, and would thereby defeat the just rights of the partnership creditors, would be such an application of the partnership assets as would be justified by no principle of equity.

2nd. That the validity of the deed must be tested by the legal consequences to which its provisions gave rise, and by what it professed on its face to do. And its provisions being contrary to principle and equity, and therefore void as against creditors, it could not be aided or relieved of the defect by any subsequent declaratory instrument.

On the application of parties assailing the deed as fraudulent, the Court below passed a decree declaring the deed void, and took jurisdiction and control of the settlement of the partnership affairs, and also granted an injunction restraining the sale and disposition of the property of the late firm of G. & B., which the trustees claimed had passed to them under the deed of trust. On appeal from the decree, and from an order overruling a motion to dissolve the injunction, taken by one of the trustees, and the surviving partner, it was HELD:

1st. That said deed was properly decreed to be void notwithstanding an attempted ratification of it by a subsequent deed.

2nd. That the appellants had no just cause to complain of the restraint imposed by the injunction.

APPEALS from the Circuit Court of Baltimore City.

The cases are stated in the opinion of the Court.

The causes were argued before BARTOL, C. J., STONE, MILLER, ALVEY and IRVING, J.

*James H. Gable,* for the appellants.

*Isidor Rayner,* and *Thomas R. Clendinen,* for the appellees.

ALVEY, J., delivered the opinion of the Court.

The firm of Gable and Beacham was dissolved early in January, 1881, by the death of Beacham. The business appears to have been carried on by Gable, the surviving partner, in the firm name, until about the 10th of April following. It is charged that the firm was actually insolvent at the time of its dissolution; and it is quite apparent that the surviving partner regarded himself as insolvent on the 11th of April, 1881, for on that day he made a general deed of assignment of all his property, as well that held by him as surviving partner, as that held as his own separate estate, to two trustees for the benefit of his creditors. It is apparent also that there was quite a large amount of debts due from the late firm of Gable and Beacham at the time of making such general assignment.

Soon after the making of this deed of assignment, several bills in equity were filed by creditors of the firm, and by parties interested in the settlement of the partnership affairs, against the trustees, and Henry A. Gable, the surviving partner, praying the appointment of receivers; and in that filed by McComas & Welsh, and Ryland & Brooks, an injunction was also prayed, to stay the sale and disposition of the property of the late firm, which the trustees claimed had passed to them by virtue of the deed of trust. The bill charged that the partnership assets were largely insufficient to pay the firm debts; that they had been

used and misapplied by Gable, the surviving partner, with full knowledge of the insolvency of the concern, and in total disregard of the rights of the partnership creditors; and that he had attempted to assign all the remaining partnership property for the benefit of *his* creditors generally, regardless of the prior and superior rights of the creditors of the firm, as against the partnership assets, to the claims of the separate creditors of the surviving partner. The bill charged that the deed of assignment was intended to hinder and delay the partnership creditors, and was therefore fraudulent as against them, and that, for matter apparent upon its face, it is absolutely void.

On this bill an injunction was granted; and on a subsequent day, after answer by the defendants, and upon hearing, receivers were appointed. This was done by an order of the 13th of May, 1881. With this order the Court below filed an opinion in which the deed of assignment of the 11th of April, 1881, was declared to be null and void, notwithstanding the attempted change or modification of the declaration of the trusts therein, by the so-called confirmatory and declaratory deed of the 16th of April, 1881. Upon filing this opinion and order of the 13th of May, three other cases seeking the interposition of the Court for the settlement of the partnership affairs of Gable and Beacham, were, by agreement of all the parties concerned, and by the order of the Court thereon, consolidated with the case in which the injunction had been granted, and the receivers appointed. And upon so consolidating the cases, a petition was filed by the receivers, asking that certain property which the firm of Gable and Beacham had acquired from Wilson and Hunting, and upon which there was a balance of $21,000 still due to the vendors, who held the legal title thereto, might be sold; and they also asked that Mr. Reynolds, the attorney representing the interest of Wilson and

Hunting, be appointed an additional receiver with themselves. Upon this petition it was agreed by all parties concerned, including the present appellants, that a decree should be passed by the Court, establishing the claim of Wilson and Hunting as a lien upon the property mentioned in the petition, and that such property should be decreed to be sold by Messrs. Keene, Williams and Reynolds, as receivers, for the purpose of paying the claim of Wilson and Hunting, and of realizing the additional value of the property for the partnership fund. And the Court thereupon, on the 16th of May, 1881, passed its decree, reciting that the cause stood ready for hearing; that it had been duly submitted, and that all the proceedings, including the agreement, had been read and considered by the Court. By this decree, the claim of Wilson and Hunting was fully established, according to the agreement of the parties, and Messrs. Keene, Williams and Reynolds were appointed receivers, "in lieu of the receivers theretofore appointed by the Court;" and the Court then proceeded to decree, that not only the property acquired by Gable and Beacham from Wilson and Hunting, but that *all other* real or leasehold property mentioned in the proceedings, or belonging to the firm of Gable and Beacham, should be sold by the receivers so appointed. The decree provides, that upon sale of the property authorized to be sold, and full payment of the purchase money, the receivers should convey, by good and sufficient deeds, title to the purchasers. It directs that the purchase money be brought into Court, to be subject to future order; and in conclusion it provides that the previous order of the 13th of May, 1881, appointing the first two receivers, should be, and was thereby, rescinded, and the last decree taken as a substitute therefor.

It is from this last decree, and also the previous order of the 12th of May, 1881, that James H. Gable, one of the trustees in the deed of the 11th of April, 1881, and Henry

A. Gable, the surviving partner of Gable and Beacham, have entered separate appeals. They have also taken separate appeals from an order of the 23rd of March, 1882, overruling a motion to dissolve the injunction granted on the 6th of May, 1882.

1. As to the appeal from the order of the 13th of May, 1881, appointing receivers, all that need be said in regard to that is, that the order has, by the subsequent decree, been rescinded. It is, therefore, no longer a subsisting order, and was not at the time of the appeal entered; and, of course, there was nothing from which an appeal could be taken.

2. And as to the appeal from the decree of the 16th of May, 1881, so far as that decree was founded upon the agreement or consent of the parties, the present appellants, it was not the subject of an appeal; for it is settled that, from a decree by consent, no appeal or rehearing lies. *Williams vs. Williams,* 7 *Gill,* 305.

But it is insisted that the decree is much broader and more comprehensive than the agreement referred to warranted, in this, that it directed the sale of all the real and leasehold property that belonged to the firm of Gable and Beacham, whereas the agreement only contemplated the sale of the property embraced in the contract with Wilson and Hunting. This appears to be the case; but the Court, acting upon the views previously expressed by it, when considering the application for the appointment of receivers, concluded that the state of the proceedings, and the rights and interests of those really involved, required that all the real and leasehold property of the firm should be sold and converted into money, and that without further delay or contention. Hence the decree of the 16th of May, 1881. And whether the Court was right in passing such a decree, depends, to some extent, upon the question, whether the deed of assignment of the 11th of April, 1881, by the surviving partner, was a good and valid transfer of the partnership property to the trustees.

As surviving partner, Gable was entitled to settle and close up the partnership affairs. He had a right to receive the debts due to the partnership, and it was his right and duty to apply the partnership assets and effects to the discharge of the debts due by it; and this duty he was required to discharge without any unnecessary delay. As surviving partner, he was trustee for those concerned in the administration of the partnership affairs, and, as such, was liable to a strict accountability. If, therefore, insolvency existed, and there had been abuse, or if there was danger of abuse and misapplication of the partnership assets, as charged in this case, ample cause was shown for the interposition of a Court of equity to restrain such abuse and misapplication of the partnership funds, by injunction, and for the appointment of receivers, upon the application of the partnership creditors. And of the existence of the facts charged there would seem to be no doubt. In such case, there is an equity in favor of the joint creditors, which a Court of equity will enforce, to have the debts due them paid out of the partnership assets, and the Court will restrain any attempt to divert such assets to any other purpose. *Saunderson vs. Stockdale, et al.*, 11 *Md.*, 563; *Washburn vs. The Bank of Bellows Falls, et al.*, 19 *Vt.*, 279; *Allen vs. The Center Valley Co.*, 21 *Conn.*, 130. The surviving partner is not permitted to deal with or dispose of the partnership property for his own benefit, until all the partnership debts are paid, and the rights of all parties in interest are fully adjusted. Hence he is not permitted to apply such assets to the satisfaction of his own separate individual debts before fully discharging those due from the firm. *Ogden vs. Astor*, 4 *Sandf.*, 311; *Case vs. Abeel*, 1 *Paige*, 393.

Now, it may be conceded that Gable as surviving partner, could lawfully make a general assignment of partnership property to trustees for the payment of debts, provided such assignment be in all respects just and

·equitable, and made for the equal benefit of all the creditors interested in the fund.    While such right in the surviving partner has not been in all cases approved, it would seem to be sanctioned by several well considered cases of high authority.    *White vs. Ins. Co.,* 1 *Nott. & McCord,* 556; *Shanks vs. Klein,* 104 *U. S.,* 18; *Burrill on Assign.,* (*3rd Ed.*) *sec.* 89.

In some cases the right to make such general assignment would seem to be questioned, unless it appear, that such assignment had been made with the assent of the representative of the deceased partner.    *Hutchinson vs. Smith,* 7 *Paige,* 35; *Egberts vs. Wood,* 3 *Id.,* 520; *Bancroft, et al. vs. Snodgrass, et al.,* 1 *Caldw.,* 441.    But conceding the right to exist, the assignment in this case is objected to, because its provisions, and the trusts declared therein, are not just and equitable to the partnership creditors; and if the fund be distributed according to the express directions of the deed, it would lead to a misapplication of the partnership assets, greatly ·to the prejudice and wrong of the joint creditors.

The deed of assignment professes on its face to be made by Gable, as surviving partner of Gable and Beacham.    It recites that the assignor is indebted to various parties in large sums of money, incurred in the prosecution of *his* business, and otherwise; and that he desires to pay *his* creditors their respective claims, as far as he is able, without *preference,* prejudice, or partiality.    It then grants all the estate and property, of every kind and description, of which he was then possessed, or to which he was in any manner entitled, including as well that which he held in his own right, and as his own separate estate, as all that which he held as surviving partner of Gable and Beacham. And after providing for the payment of costs, expenses, commissions, fees, and all liens on the property, it is then provided that the trust-fund shall be applied "to the payment of all the creditors of the said Henry A. Gable,

without preference;" and after the payment of the creditors thus provided for, if there should be a surplus, such surplus is directed to be paid or turned over to the assignor or his assigns.

There is no room left for doubt as to the construction of the terms of this deed. It entirely ignores and, if effect were given to it, it would entirely destroy the privilege or preference to which the partnership creditors are entitled, of having the debts due them paid out of the assets of the firm in course of liquidation, to the exclusion of the separate creditors of the surviving member of the firm. It expressly dedicates the property conveyed to the payment of all the creditors of the assignor without preference. This of course includes the separate individual creditors of the surviving member of the firm. It requires no argument to show that such distribution would defeat the just rights of the partnership creditors, and would be such an application of the partnership assets as would be justified by no principle of equity. The validity of the deed must be tested by the legal consequences to which its provisions give rise, and by what it professes on its face to do. And its provisions being contrary to principle and equity, and therefore void as against creditors, it cannot be aided or relieved of the defect by any subsequent declaratory instrument. The first deed being inoperative and void, the property remained in the assignors, and the second or declaratory instrument is wholly ineffectual as a grant or assignment. Indeed it only professes to be declaratory and confirmatory of the former deed. But, that deed being void, it cannot have validity and operative effect imparted to it in the manner proposed. *Bridges & Woods vs. Hindes & Davis, Garnishees, &c.*, 16 *Md.*, 101.

We think, therefore, the Court below was entirely right in declaring the deed of the 11th of April, 1881, null and void, notwithstanding the attempted rectification of the defect by the instrument of the 16th of April, 1881; and

Gable, Trustee, &c. *vs.* Williams, *et al.*

that the decree of the 16th of May, 1881, was in all respects correct, and proper to be passed, under the circumstances of the case.

3. And as to the appeal from the order refusing to dissolve the injunction, we perceive no ground whatever for such an appeal. The Court had taken jurisdiction and control of the settlement of the partnership affairs, and for the determination of the rights of all parties concerned. It had determined that the deed of assignment was void, and therefore the trustees had no right to control or dispose of the partnership property; and such being the case, the appellants, James H. Gable, one of the trustees, and Henry A. Gable, the surviving partner, could exercise no power or control over the partnership property, not expressly authorized by the Court. They had no just cause therefore to complain of the restraint imposed by the injunction, and the Court was clearly right in refusing to dissolve it.

The decree and order of the Court below must be affirmed, with costs to the appellees.

*Decree and order*
*affirmed, with costs.*

(Decided 13th July, 1882.)