## ANNA COOPER *vs.* MORRIS NOVICKOW.

*Justices of the Peace: jurisdiction. Appeals: only after final judgment by Court below.*

No appeal can be taken to the Court of Appeals until final judgment.          p. 472

An appeal will not lie to the Court of Appeals overruling a motion to quash proceedings before a justice of the peace, under section 650 of Article 4 of the Code of Public Local Laws.         p. 472

In the absence of special authority, the Court of Appeals can only entertain an appeal in a case originating before a justice of the peace from a *judgment* of the lower Court, on the ground that the lower Court and justice of the peace were without jurisdiction to render the judgment.      p. 473

When such proceedings below are terminated, an appeal will then lie, and all errors of the lower Court in the whole progress of the case, if properly presented and not waived, will be proper subjects for correction by the Court of Appeals.

        p. 473

*Decided November 15th, 1911.*

Appeal from the Baltimore City Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Horton L. Smith* and *Israel S. Gomborov,* for the appellant.

*Linwood L. Clark, for the appellee.*

BOYD, C. J., delivered the opinion of the Court.

This is an appeal from an order of the Baltimore City Court overruling a motion to quash the proceedings in the

cause. The case was commenced by a complaint filed by the appellee against the appellant before a justice of the peace of the City of Baltimore by which the appellee sought to have again and repossess the premises known as Fish Stall No. 504, Belair Market—he claiming that there was due and unpaid nine hundred and eighty-eight dollars of rent for the same. A judgment was entered in favor of the appellee for the restitution of the premises and $988.00 rent found due. The appellant appealed to the Baltimore City Court, but we suppose no bond was given to stay execution of the judgment, as the record shows that a warrant was issued directed to a constable ordering him to cause the lessor to have again and repossess the premises by putting him or his duly qualified agent or attorney in possession thereof, and the constable's return was "Property turned over to the plaintiff." The proceedings were instituted under sections 650, etc., of Article 4 of Code of Public Local Laws.

The reasons assigned in the motion to quash are based mainly on the alleged ground that the justice of the peace and the Baltimore City Court were without jurisdiction, but it is clear that no appeal could be taken to this Court until final judgment, and then of course only on the ground that the justice and the Baltimore City Court had no jurisdiction. It may be that after the Court had overruled the motion to quash it would have decided the case, or at least some of the material points, in favor of the appellant, but, whether that be so or not, there is no authority for an appeal from such an order without some final disposition of the case having been made in the lower Court. The record fails to show there was such, and it was admitted at the hearing that there had not been any judgment entered.

It is true that it was said in *Josselson* v. *Sonneborn*, 110 Md. 546, that "The defendant had the right to raise the question of the jurisdiction of the Baltimore City Court by a motion to quash, and an appeal will lie to this Court from the order overruling this motion," but that meant after judg-

ment, which there was in that case, as well as in those referred to in the opinion. In the absence of special authority this Court only entertains an appeal in a case originating before a justice of the peace from *a judgment* of the lower Court on the ground that the lower Court and justice of the peace were without jurisdiction to render the judgment. Even in cases in which there is an undoubted right of appeal to this Court, it can not ordinarily be prosecuted until some decision has been had in the lower Court which settles and concludes the rights involved or denies the means of further prosecuting or defending the suit. When the proceedings below are terminated, an appeal will then lie and all errors of the lower Court in the whole progress of the cause, if properly presented and not waived, will be proper subjects for correction by this Court. *Boteler and Bell* v. *State,* 7 G. & J. 109. Other cases might be cited in which it has been held that before final judgment no appeal will lie from a ruling on a demurrer at law, from an order overruling a motion to quash a writ or like interlocutory orders and decisions, but we deem it unnecessary to do so.

As this case has been pending below for an unusual length of time we regret that it can not now be finally disposed of, but we do not feel called upon to express an opinion on the various grounds relied on in the motion to quash, especially as some of them may not be at all material after the case is finally determined in the lower Court, and we will dismiss the appeal.

> *Appeal dismissed, the appellant to pay the costs.*