# THE EMERSONIAN APARTMENTS, ET AL.,

### *vs.*

## RACHEL TAYLOR.

*Appeals: final judgment only; demurrers overruling; refusal of defendant to plead; inquisition of damages.*

An appeal will not lie from a ruling on a demurrer, in actions at law, before final judgment.  p. 210

In an action of tort, the defendants defaulted for want of pleas; the demurrers were overruled, and a judgment given in favor of *the plaintiff for the costs;* such an appeal was premature, because the judgment was not final.  pp. 212, 215

In such a case, if the defendant refuses to plead, the plaintiff should take a judgment by default and have an inquisition to fix damages.  p. 216

Without referring to the question of whether an attorney might bind his client by a waiver of the *quantum* of damages in such cases, such a waiver made before the Court of Appeals can not relate back and give a right of appeal.  p. 213

*Decided January 16th, 1918.*

Appeal from the Baltimore City Court. (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Aubrey Pearre, Jr.,* (with whom were *Barton, Wilmer and Stewart* on the brief), for the appellants.

*Augustus C. Binswanger* (with whom was *Louis Samuels* on the brief), for the appellees.

BOYD, C. J., delivered the opinion of the Court.

Each of the appellants, who were defendants below in a suit by the appellee against them, filed a demurrer to the declaration. The demurrers were overruled, with leave to the defendants to plead within fifteen days. They filed a writing declining to file pleas, and the same day there was an entry of "Judgment on the demurrer in favor of the plaintiff for costs." From that the defendants took this appeal. No motion to dismiss the appeal was made, but we suggested at the argument that it was questionable whether the appeal would lie, and upon further consideration we are satisfied that there can be no doubt about the question, under the decisions of this Court—there being nothing in the form of the judgment to take it out of the general rule.

It is no longer an open question in this State as to whether an appeal can be taken from a ruling on a demurrer in a suit at law, before final judgment. It has been repeatedly decided that such an appeal will not lie, and, as was said in 2 *Poe on Pl. and Pr.,* Sec. 826, in speaking of it as a well settled rule, it is "absolutely necessary to be enforced, in order to prevent the regular progress of a cause unto its final determination from being interrupted by successive appeals from rulings made from time to time during the litigation." In *Chappell* v. *Funk,* 57 Md. 465, the Court held that an appeal did lie from an order overruling a demurrer to a bill in equity and requiring the defendants to answer, although JUDGE ALVEY filed a vigorous dissent, and in the course of his opinion said: "Now, in actions at law, that no appeal will lie from the interlocutory judgment overruling a demurrer to the declaration or other pleadings, but

only from the final judgment, is too well settled to admit of a question; and this because such judgment neither settles nor concludes any right between the parties. It determines a mere matter of pleading"—citing *Wheeler* v. *State,* 7 Gill, 33; *Welch* v. *Davis, ibid.* 364, 366; *Boteler & Belt* v. *State, use of Chew,* 7 G. & J. 109; *Gittings* v. *State,* 33 Md. 461; *Deitrich* v. *Swartz,* 41 Md. 196. To those may be added *Griffee* v. *Mann,* 62 Md. 248; *State* v. *Eastern Club,* 72 Md. 297; *Cooper* v. *Novickow,* 116 Md. 471; *Warfield* v. *State, ibid.* 599. While it may be desirable in some equity cases, where the evidence may be at great length and the expenses very heavy, to entertain appeals at once from rulings on demurrers, our observation has been that it is sometimes productive of unnecessary and even vexatious delays in addition to imposing heavy burdens on litigants, in paying larger fees to their solicitors, who may be required to appear in this Court several times, instead of meeting all questions at one hearing. The tendency of this Court has been for the most part to limit rather than to extend the rule in equity cases. *Peoples* v. *Ault,* 117 Md. 631; *Somerset Rapid Transit Co.'s Case,* 126 Md. 368.

In *Wheeler* v. *State, supra,* there was a demurrer to the replication which the County Court overruled, and the defendants appealed. JUDGE DORSEY said: "The appeal in this case must be dismissed, as prematurely taken. Instead of waiting until the inquisition was taken, and a final judgment rendered in the cause, the appellants appealed from the interlocutory judgment of the county Court overruling their demurrer. From the final judgment in the cause, no appeal has been prayed." In *Green* v. *Hamilton,* 16 Md. 317, JUDGE TUCK said, "An appeal will not lie from a judgment on demurrer against the defendant in an action of debt on a bond with collateral condition, until an inquisition is taken and final judgment entered; the appeal must be taken from the final judgment. *Wheeler* v. *State,* 7 Gill. 33. The reason is that the first judgment is merely interlocutory.

· The same rule applies where a judgment by default is entered, and, from the nature of the case, an inquisition is necessary to ascertain the extent of the plaintiff's right to recover. *Wilmer* v. *Harris,* 5 H. & J. 1."

At the argument when doubt was expressed as to whether an appeal would lie, it was stated by the attorneys for both sides that their desire was to have this Court pass on the right of the plaintiff to recover, and it was in effect, if not in terms, admitted that the form of the judgment was agreed upon by them—believing that it would enable the defendant to appeal at once. If it is a final judgment, then the plaintiff is precluded from further recovery, and if it is not final then under the numerous authorities no appeal lies. On the other hand, if it be held that the appeal does lie, and this Court should be of the opinion that the plaintiff had a good cause of action, but also thought that the declaration was technically defective, and then reversed the judgment with leave to the plaintiff to amend, the defendants instead of being liable for costs might be subjected to a verdict in a substantial amount. It is, therefore, difficult to understand how either party can be benefited *in this case,* and we are not supposed to decide some other case in this. Since the argument the attorneys have united in what is called the "Supplemental Statement of Counsel and Additional Authorities," and in it both sides contend that the appeal is properly taken. It is said that, "It is respectfully submitted that a reversal of the judgment below would be a final conclusion of this case; and that an affirmance of the judgment below would perhaps leave open the question of what damages should be ascertained by the jury in an inquisition. Such damages could be clearly ascertained from the measure of damages laid down by this Court on the pleadings; wherefore there would be left open no matter of pleading or evidence for further action of the lower Court to which any exception could be taken or from which an appeal could be prayed by either appellants or appellee. All the rights of

the parties involved would be finally determined by this
appeal." Manifestly that statement can not aid the position
taken by the attorneys in reference to the right of appeal.
In the first place a reversal of the judgment would *not* neces-
sarily be a final conclusion of the case, but if it were, it is
practically conceded, and it is unquestionably true, that an
affirmance would leave open the question of damages. It
therefore might or might not be finally settled by this Court,
but the question is—not what might be then but whether it
was a final judgment when it came to this Court. It is not
correct to say that there would be no matter of evidence left
open to which exception could be taken, for when a judg-
ment by default is being extended by an inquisition, excep-
tions can be taken to the rulings of the Court in reference
to the admission of testimony, and prayers can also be
offered which are subject to exceptions. 2 *Poe,* Sec. 368.
Then after stating that this was a test case, and that a num-
ber of similar cases were being held in abeyance awaiting
the determination of this appeal, it is said, "therefore, coun-
sel for appellee respectfully submits the determination of the
questions raised, and waives the right of the plaintiff, appel-
lee, to have damages awarded to her by an inquisition here-
after." Again it is said, "As previously stated by counsel
for the appellee, any damages in excess of the costs are
expressly waived herein, and there is here no undetermined
*quantum* of damages." Without referring to the question
whether an attorney could bind his client by any such
attempted waiver, it is clear that if a waiver be necessary
it could not now relate back and give the right of appeal.
This Court ought not to be expected to spend its time in
deciding questions of law which can be of no service to the
*parties to the cause.* The fact that there are other suits pend-
ing, between other parties, might well be deemed a good
reason for not deciding questions which would affect them,
but would not affect the parties to the suit before the Court.
But the statement filed, together with those made at the bar,

satisfy us that the form of the judgment in this case was adoped by consent for the evident purpose of trying to meet the well known general rule that we have referred to, in reference to appeals from rulings on demurrers at law. That being so, the appellants can not complain if there was error in entering the judgment on the demurrer in favor of the plaintiff for costs. Although it is said in the syllabus of the case of *Chesapeake Bank* v. *McClellan,* 1 Md. Ch. 330, cited by the attorneys in the Supplemental Statement, that "An appeal will lie from every decision which settles a question of right between the parties, no matter whether the decision was adverse or by consent or default," that is not the law as announced by this Court, in case of consent in equity cases. JUDGE ALVEY said in *Gable* v. *Williams,* 59 Md. 46, that "so far as that decree was founded upon the agreement or consent of the parties, the present appellants, it was not the subject of an appeal; for it is settled that, from a decree by consent, no appeal or re-hearing lies. *Williams* v. *Williams,* 7 Gill. 305." See also *Baugher* v. *Wilkins,* 16 Md. 35; *P. W. & B. R. R. Co.* v. *Harper,* 29 Md. 330, that instructions granted by consent cannot be objected to in Appellate Court.

The case of *Hawkins* v. *Bowie,* 9 G. & J. 428, also cited in the Supplemental Statement of the attorneys, differs widely from this one. There a judgment had been regularly obtained by *Hawkins* v. *Catherine Bowie.* The Court on her petition granted her a writ of error *coram nobis* to correct the record of said judgment, and reversed the judgment rendered by it with costs. Our predecessors held that while a writ of error lay to correct an error *in fact* in the same Court where the record was, yet from an error *of law,* which is the default of the justices, the same Court could not reverse the judgment by writ of error, nor without a writ of error, but the error ought to be redressed in another Court, before othe justices, by writ of error. It is true that the fact that a judgment was rendered in favor of Catherine Bowie for her costs was

referred to, but the Court did not say, and did not mean, that that made the judgment final, but the action of the lower Court in reversing the former judgment and then rendering a judgment for costs was final. The case was finally and definitely settled against the plaintiff by the action of the lower Court, and, of course, that could be reviewed.

This Court having determined over and over again that the rulings of the lower Court on demurrers in suits at law can not be reviewed until after final judgment, it would avoid the effect of that rule, if the parties could, by simply having the lower Court enter the judgment on the demurrer in the form this one is, take an appeal at once. We do not think, however, that that entry is sufficient to sustain this appeal, regardless of what we have said about it being done by consent or at the instance of the parties. If a final judgment had been entered, an appeal from that would have brought the ruling on the demurrer before us, and if erroneous, either because it undertook to give judgment for costs, or because we thought the lower Court was wrong in its ruling on demurrer, the error could have been corrected. When there is a ruling on a demurrer to a declaration in favor of the defendant, and the plaintiff declines to amend, of course the judgment then is properly a judgment for costs and is final, as the judgment is that the plaintiff "go without day." 1 *Poe,* Sec. 710. Such a judgment determines that the plaintiff is not entitled to recover on what is stated in the declaration. But when the demurrer is overruled, as in the case here, a judgment of *"respondeat ouster"* is entered. 1 *Poe,* Sec. 591. Then if the defendant declines to plead, the practice is for the plaintiff to take judgment by default for want of plea, and in actions *ex delicto* he has the right to an inquisition to assess the damages, but until that is done, or by agreement it is submitted to the Court and damages assessed, the judgment is not final.

In 2 *Poe,* Sec. 360, it is said, "Where issue is joined on a demurrer filed by the defendant to the plaintiff's declaration, and the demurrer is overruled, the judgment is, that the defendant answer further; and only upon his failure to do so, will a judgment be entered up for the plaintiff. This judgment will, in the first instance, be interlocutory and will be made final when the plaintiff, according to the character of the case, establishes his specific claim." Again it is said in that section, that wherever the defendant's pleading "is adjudged on demurrer to be insufficient, and he does not wish either to amend or plead over, the judgment for the plaintiff will be interlocutory, until he establishes, according to the course of the Court, his precise claim." The practice is so simple that we can not understand why it was not adopted in this case. When the defendants refused to plead, all that was necessary was for the plaintiff to take judgment by default, and then have an inquisition to fix the damages. Or if the parties were then willing to do that, the Court could by agreement have done so. 2 *Poe,* Sec. 367. Although a judgment by default is an interlocutory judgment, and does not become final until the damages are assessed, yet as said in 2 *Poe,* Sec. 372, it establishes the jurisdiction of the Court to pass it, and the liability of the defendant to the plaintiff for something, "and for these purposes such a judgment is as binding as any other." A judgment by default having such effect, but nevertheless being interlocutory, how can it be properly said that such a judgment as was entered in this case was final? Again, in Sec. 826 of 2nd *Poe* it is said: "It is to be observed, however, that even in cases where the lower Court proceeds in the exercise of its ordinary common law jurisdiction, neither an appeal nor writ of error can be prosecuted until after final judgment. Orders or rulings, which do not settle and conclude the rights involved in the action, and do not deny to the parties the means of further prosecuting or defending the suit, are not the subject of appeal at the time they are made; but when final judgment is

rendered, and appeal thereon prayed, such interlocutory orders or rulings may be brought up in the record and may then be reviewed and reversed, if erroneous, provided, of course, they be in respect of matters upon which the action of the lower Court is not final."

The right to have a ruling on a demurrer reviewed by this Court is not the question—that can not be denied—but that it can not be reviewed until after final judgment in suits at law is settled beyond all controversy, and hence this appeal was premature. Under the circumstances we do not feel called upon, or justified, in passing on the demurrers. It would be a dangerous precedent, and might be an inducement to have other parties bring rulings on demurrers in suits at law before this Court. We do not doubt that the attorneys in this case acted in perfectly good faith, and did not intend to improperly evade the settled rules and practice of the Court, but to give our sanction to the appeal, even by merely passing on the demurrers, might, under the circumstances, be misunderstood, and might injuriously affect, if not preclude the other parties who are said to have similar cases pending (they not being heard before the question was determined) and that too being done in a case, as we have pointed out above, where the parties to it have no substantial interests involved. We must, therefore, dismiss the appeal.

*Appeal dismissed, with costs.*