BERNICE CASSON *v.* EDGAR JOYCE,
T/A EDGAR JOYCE, NURSERYMAN

[No. 140, September Term, 1975.]

*Decided November 7, 1975.*

The cause was submitted on briefs to MORTON, DAVIDSON and LOWE, JJ.

Submitted by *J. F. McCadden* and *Walker & McCadden* for appellant.

Submitted by *William R. Sutton* for appellee.

LOWE, J., delivered the opinion of the Court.

Appellant, Bernice Casson, has appealed from a consent

judgment entered in the Circuit Court for Baltimore County. She had been sued for debt by appellee, to which suit she pled limitations and the general issue. After nine postponements the issue was set for trial before Judge H. Kemp MacDaniel, who had denied appellant a tenth postponement despite a physician's letter questioning whether her physical and mental condition "has improved sufficiently for her to appear and testify in court."

When the case came up for trial, counsel of record for the parties advised the court that an agreement had been reached and read the agreement into the record. In part, the agreement declared that a consent judgment be entered for $5,500 but that there would be no execution on the judgment subject to annual payments of $500. Judgment was entered as agreed.

Complaining that her counsel had no authority to consent to that judgment, appellant filed a Motion for New Trial which was denied on January 18, 1975. Meanwhile, on January 13, 1975, appellant's counsel filed a Motion to Vacate and appellant, in proper person, filed this appeal. She contends 1) that the denial of the tenth postponement was an abuse of discretion, 2) that the trial court "should have granted a new trial" and 3) that appellant's attorney lacked authority to consent to the judgment.

Appellee moved to dismiss the appeal, arguing that no appeal will lie from a consent judgment, citing as his authority *Mercantile Trust v. Schloss*, 165 Md. 18; *Emersonian Apartments v. Taylor*, 132 Md. 209; and *Gable v. Williams*, 59 Md. 46.

Upon reviewing appellee's authorities, we noted that each deals with consent decrees in equity, none speaks of consent judgments in law cases. Our research indicates that this phenomenon prevails in every other Maryland case where the restrictive rule was applied.[1]

---

1. Emersonian Apartments v. Taylor, 132 Md. 209 while apparently a law case discusses the question of non-appealability of consent decrees as being the law of Maryland "in equity cases." The case turned on another point, *i.e.*, the appeal from ruling on demurrer was premature and the appeal dismissed.

There is some indication in the early Chancery Reports that Maryland practice at that level recognized the rule as applying to consent judgments at law, when ironically the chancellor in *Ringgold's* case, 1 Bland 5, 12, expanded the concept "at common law, [that] no writ of error will be from a judgment . . . by consent . . ." to apply the same appeal restriction to consent decrees in equity. Soon thereafter, a chancellor in *Chesapeake Bank v. McClellan*, 1 Md. Ch. 328 disagreed that either concept expressed in *Ringgold* was the law of Maryland. The Court of Appeals settled the controversy when it applied the concept to consent decrees in equity, *Williams v. Williams*, 7 Gill 302, and has never deviated from the rule that no appeal will lie from a consent decree.

> "No case has expressed any doubt about the validity of the rule — any doubt that arises goes to the question of whether the decree was in fact entered by consent." *Prince George's County v. Barron*, 19 Md. App. 348, 349.

Apprehension from the absence of Maryland case law expressly recognizing application to consent judgments at law diminishes under the imbalance of the great weight of foreign authority. Except for *Chesapeake Bank v. McClellan, supra*, which was expressly disapproved in *Emersonian Apartments v. Taylor, supra*,[2] only two states have recorded cases holding without qualification that a consent judgment is appealable. 69 A.L.R.2d 755, 767, n. 18. Beyond that, the reasoning behind the rule applies as well at law as it does in equity, *i.e.*, that a party consenting to a judgment takes a position which is inconsistent with the right of appeal. *Rocks*

---

2. "Although it is said in the syllabus of the case of *Chesapeake Bank v. McClellan*, 1 Md. Ch. 330, cited by the attorneys in the Supplemental Statement, that 'An appeal will lie from every decision which settles a question of right between the parties, no matter whether the decision was adverse or by consent or default,' that is not the law as announced by this Court, in case of consent in equity cases. JUDGE ALVEY said in *Gable v. Williams*, 59 Md. 46, that 'so far as that decree was founded upon the agreement or consent of the parties, the present appellants, it was not the subject of an appeal; for it is settled that, from a decree by consent, no appeal or re-hearing lies. *Williams v. Williams*, 7 Gill. 305.'" Emersonian Apartments v. Taylor, 132 Md. at 214.

*v. Brosius,* 241 Md. 612, 630. If the Court of Appeals is willing to apply that principle in a criminal case, *Lohss and Sprenkle v. State,* 272 Md. 113, 118-119,[3] certainly it would not hesitate to do so with consent judgments at law. The absence of such application presumably is from lack of opportunity.

Within the overwhelming majority of jurisdictions denying such appeals, the same result is reached by separate routes. They are described by Mr. Justice Brandeis in *Swift & Co. v. United States,* 276 U. S. 311, 323-324:

> "Under the English practice a consent decree could not be set aside by appeal or bill of review, except in cases of clerical error. . . . In this Court a somewhat more liberal view has prevailed. Decrees by consent have been reviewed upon appeal or bill of review when there was a claim of actual lack of consent to the decree as entered, . . . or of fraud in its procurement . . . or that there was lack of federal jurisdiction. . . . But 'a decree which appears by the record to have been rendered by consent, is always

---

3. The Court said:

"As we see it, the State is in the anomalous position of appealing from two orders to which it consented. In civil cases this Court has adhered to the rule that, to have standing for maintaining an appeal, one must be aggrieved by the decision from which the appeal is taken, *Adm'r, Motor Veh. Adm. v. Vogt,* 267 Md. 660, 664, 299 A. 2d 1 (1973); *Riley v. Naylor,* 179 Md. 1, 8, 16 A. 2d 857 (1940); *Buchwald v. Buchwald,* 175 Md. 103, 114-15, 199 A. 795 (1938); *Patterson v. Gelston,* 23 Md. 432, 446 (1865). For example, no appeal lies from a consent decree, *Mercantile Trust Co. v. Schloss,* 165 Md. 18, 24, 166 A. 599 (1933); *see Rocks v. Brosius,* 241 Md. 612, 630, 217 A. 2d 531 (1966); or from a *non pros, Boyd v. Kienzle,* 46 Md. 294, 301-02 (1877). Moreover, the right of appeal may be lost by waiver or estoppel when there is acquiescence or recognition in the validity of the decision from which the appeal is taken or by otherwise taking a position inconsistent with the right of appeal, *see Rocks v. Brosius, supra,* 241 Md. at 630. Nor can one appeal from a judgment or order where the relief he prays for is granted. *Adm'r, Motor Veh. Adm. v. Vogt, supra; Wright v. Baker,* 197 Md. 315, 318, 79 A. 2d 159 (1951); *Mugford v. City of Baltimore,* 185 Md. 266, 269, 44 A. 2d 745, 162 A.L.R. 1101 (1945).

We perceive no reason why these principles should not apply with equal vigor to appeals taken by the State in criminal cases." Lohss and Sprenkle v. State, 272 Md. at 118-119.

affirmed, without considering the merits of the case.' " [cited authorities deleted].

In its application of the rule in equity cases it is clear that Maryland follows the English practice.

## The Attorney's Authority to Consent

On appeal we are confined to the record made in the court below. In the case at bar the file contains, *but the record does not include*, what purports to be a letter supporting appellant's third contention. Unless the *record* contains that or other evidence of lack of authority by the attorney (which is most unlikely in any case) we may not go beyond it for additional facts. There is some authority that a consent judgment *is* subject to appellate review where the appeal raises the question whether the appellant's attorney in the court below had authority to consent to judgment, 69 A.L.R.2d 755, Sec. 18, which question is raised here by appellant. We fail to see the logic in such an exception. If we review the question without benefit of any evidentiary foundation, we would, if we follow the practice seemingly preferred by the Supreme Court, be compelled to affirm the consent judgment because the record contained no evidence of lack of authority of counsel; that is, we would affirm without having considered the merits of the case. In our practice we would dismiss the appeal.

The English practice followed in Maryland seems more straightforward, founded on better reason and less drastic. If coupled with the requirement exercised in a substantial number of states, that the attack be made below (as by motion to vacate) 69 A.L.R.2d 755, Sec. 22 (b), n. 7, it would seem preferable to hold there is no appeal rather than permitting appeal without considering the merits. This remedy permits judicial review of the attorney's authority when that question is raised propitiously below.

Because of the perception of one of appellant's former counsel, that remedy may be available to appellant in this case. Just before appellant filed her appeal in proper person, on the thirtieth day following the entry of the consent

judgment, her counsel had filed a Motion to Vacate the Judgment. Having been filed within thirty days, "Md. Rule 625 a sets the standards of the lower court's revisory power over the judgment." *Capobianco v. Gordon,* 19 Md. App. 662, 665. Because we have dismissed this appeal rather than having heard its merits, the motion *may* stand for hearing as though no appeal had been entered. *Cf. Tiller v. Elfenbein,* 205 Md. 14, 21. Although we do not decide that question (which was neither briefed nor argued), if the lower court decides to hold a hearing on the motion to vacate, appellant may submit such evidence for the record as she may have of lack of authority by her attorney to have consented to the judgment. The determination may then be made by the court, on the merits of the motion to vacate, utilizing evidence which is not now properly before us on this appeal. See *Prince George's Co. v. Barron,* 19 Md. App. at 351. On this appeal, however, we grant the Motion to Dismiss for the reason that no appeal will lie from a consent judgment as it has been long settled that appeal would not lie from a consent decree. *Mercantile Trust v. Schloss,* 165 Md. at 24; *Prince George's Co. v. Barron,* 19 Md. App. at 349.

*Motion to dismiss granted.*
*Costs to be paid by appellant.*