544

## BRUCE LEE TANN *v.* STATE OF MARYLAND

[No. 14, September Term, 1979.]

*Decided October 11, 1979.*

The cause was submitted on briefs to MORTON, THOMPSON and MOORE, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Michael R. Malloy, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Kathleen M. Sweeney, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Gary Bernstein, Assistant State's Attorney for Baltimore City,* for appellee.

THOMPSON, J., delivered the opinion of the Court.

Bruce Lee Tann, the appellant, was convicted of transporting a handgun in violation of *Md. Code,* Ann., Art. 27, § 36B [1] by the Criminal Court of Baltimore, Judge Shirley

---

1. Art. 27, § 36B states in part:

"(b) *Unlawful wearing, carrying, or transporting of handguns. —* Any

B. Jones presiding without a jury. A sentence of three years was imposed. In his appeal appellant presents the following questions:

"1. Did the administrative judge abuse his discretion in declining to grant a postponement requested by appellant?

"2. Did the trial judge abuse her discretion in failing to grant a new trial?

"3. Did appellant's conviction violate due process because it was based on an unconstitutional 'rebuttable presumption' set forth in Art. 27, § 36B (b)?

"4. Did the trial court err by considering at sentencing a crime for which appellant was neither charged nor convicted?

"5. Were the handguns improperly admitted into evidence because the police did not have a reasonable basis for an investigatory stop?"

On February 1, 1978, at about 2:30 a.m. Officer Cole of the Baltimore City Police saw a car circle the block on which an all night carry out shop was located. Within the next hour the car passed the carry out shop three times. When the car stopped in a nearby parking lot Cole requested reinforcements who came and blocked the car. At trial, Cole testified that when he asked the men to step out of the car he saw the appellant, who was seated in the back seat, drop a handgun to the floor of the car. A second gun was found on the floor on the passenger side of the front seat of the car. Both guns were loaded. Warren Nelson was the driver of the car and William McCoy was a passenger in the front seat. The three co-defendants' trial was set for June 28, 1978, but

person who shall wear, carry, or transport any handgun, whether concealed or open, upon or about his person, and any person who shall wear, carry or knowingly transport any handgun, whether concealed or open, in any vehicle traveling upon the public roads, highway, waterways, or airways or upon roads or parking lots generally used by the public in this State shall be guilty of a misdemeanor; and it shall be a rebuttable presumption that the person is knowingly transporting the handgun;"

before that date, McCoy escaped from the City Jail and neither his co-defendants nor the State knew where he was on the day of the trial. The State agreed to a postponement requested by defense counsel. A few days before November 2, 1978, when the case was rescheduled for trial, the State informed appellant's counsel that McCoy was in the hands of federal authorities in North Carolina. At trial the State objected to another postponement and the administrative judge denied appellant's request for postponement.

Appellant and Nelson testified that the three men had gone to pick up a friend of McCoy's who would be getting off the bus near the carry out shop. Appellant testified, denying that the car circled the block on which the carry out shop was located and denying he was in possession of a gun.

The first two issues on appeal are both related to the absence of McCoy as a witness. Appellant argues that the administrative judge abused his discretion in declining to grant a postponement in order to obtain the presence of McCoy and that the trial judge abused her discretion by failing to grant a new trial because of the administrative judge's error in denying the postponement. In the absence of a record as to what transpired before the administrative judge there is nothing to review. See Lang v. Catterton, 267 Md. 268, 274, 297 A.2d 735, 739 (1972) and Casson v. Joyce, 28 Md. App. 634, 638, 346 A.2d 683 (1975). We will, however, review the action of the trial judge in denying the motion for a new trial, but it should be noted that the denial of a motion for a new trial is almost never reversed on appeal. Crawford v. State, 37 Md. App. 1, 375 A.2d 240 (1977), aff'd, 282 Md. 210, 383 A.2d 1097 (1978). In making the ruling in the present case the judge said:

> "He [the missing witness] was on escape status and then finally he was picked up in another state. So, the matter was held over until November the 2nd, which was, I think, a fair amount of time to try to have some communication with this missing witness, and indeed the defendant, even though he has known where this witness is now for over a

month or six weeks, there has still been no communication with him. What I'm saying is that there is no documentation and indeed no proffer that even if this defendant, this witness, Mr. McCoy, appeared, that he would incriminate himself and lay himself wide open to conviction in favor of absolving this defendant.

"In the absence of such a proffer or any information whatever to document that theory, I am not prepared to say that the trial should have been delayed and that a new trial should be granted, and on that account, I am going to deny the new trial motion because under all of the circumstances, I don't think that Mr. Tann has been deprived of a witness material to his case, a witness who would have come in and testified. There's simply no showing that McCoy would have done so."

We see no abuse of discretion. Although we have found no Maryland case in point, cases from other jurisdictions have held that the trial judge did not abuse his discretion by not granting a postponement when the absent witness was a co-defendant. In *Funderburk v. State,* 219 Miss. 596, 69 So.2d 496 (1954) the defendant asked for a continuance because of the absence of a witness who was a co-defendant. In that case, the co-defendant was also a fugitive from justice. The court reasoned that the continuance was properly refused because the absent witness, as a co-defendant, could not be compelled to testify.

In *State v. Cain,* 307 So.2d 621 (La. 1975) the court held that the denial of a postponement was proper because the absent witness, also a fugitive from justice, was a co-defendant. The court stated that nothing in the record indicated that either of the co-defendants would have testified that the contraband belonged to them, or that either would waive his privilege against self-incrimination. Thus, the trial court correctly denied the postponement.

In *United States v. Cawley,* 481 F.2d 702 (5th Cir. 1973), the appellants claimed error in the denial of a motion for a

continuance to obtain two witnesses. The court stated that there was a possibility that the two witnesses would not fully exonerate the appellants. The witnesses were co-defendants and one was a fugitive from justice. The court again noted that there was no evidence that the co-defendants would have testified to the incriminating circumstances. Assuming that their production at trial was possible, their willingness to testify was unascertainable. Thus, the court found that the denial of the continuance was proper. In *United States v. Brandenfels,* 522 F.2d 1259 (9th Cir.), *cert. denied,* 423 U.S. 1033, 96 S.Ct. 564, 46 L.Ed.2d 406 (1975), the court also noted that where there are no assurances that the witnesses would waive fifth amendment privilege to testify against himself, the denial of a postponement is proper.

In this case we hold that where the absent witness is also a co-defendant and there is no showing that he will waive his privilege against self-incrimination and exonerate the appellant, the trial judge may deny the postponement of a trial.

Appellant's third argument is that the statute under which appellant was convicted violates due process because it was based on unconstitutional rebuttable presumption. The appellant did not raise this issue at trial and is thus precluded from asserting it on appeal. Md. Rule 1085, *Hall v. State,* 22 Md. App. 240, 246, 323 A.2d 435 (1974).

Appellant's fourth contention is that the trial court erred by considering at sentencing a crime for which appellant was neither charged nor convicted. At sentencing the judge stated:

> "They are riding around the streets of Baltimore City, and they were kept under surveillance for over an hour by a police officer who watched their activities going by this place up on Charles Street, which was about the only business establishment open at the time. It was early in the morning. Through what I consider to be some excellent police work, the long and short of it is that these two people were in this vehicle, and Mr. Nelson was driving it,

in which there were fully loaded handguns. One was loaded, not only loaded, but cocked.

"Is this what law abiding citizens do in the early morning hours of the morning? Prowl around our city streets with fully loaded handguns? The question was asked who would profit if these two defendants were incarcerated. Well, I might answer maybe rhetorically that maybe the honest citizen who was trying to make an honest living might possibly profit if they were incarcerated because he won't then end up on the other end of this handgun staring him in the face."

Appellant argues that the judge improperly concluded the appellant and his companions were contemplating armed robbery. The testimony of Officer Cole seems to us to support a conclusion that appellant and his companions were casing the carry out shop. It is a fair inference that but for the excellent police work the fully loaded handguns would have been used for a robbery. We think the sentence was influenced by the evidence before the court and not by improper considerations. *See Henry v. State,* 273 Md. 131, 328 A.2d 293 (1974).

Finally, appellant argues that the officer's stop was an unconstitutional random stop and hence the trial court should have excluded the handguns and the officer's testimony concerning the seizure. Again, this contention was not raised at trial and is not properly before this Court.

*Judgment affirmed.*
*Appellant to pay the costs.*