## 60191. SIMMONS v. THE STATE.

DEEN, Chief Judge.

The sole basis of this appeal is that the defendant was denied a continuance, which would have postponed his trial until such time as a co-indictee, Alexander, and his counsel had concluded plea bargaining offers which were in process between Alexander and his counsel on the one hand and the state, through the district attorney's office, on the other. The appellant's contention is that he was deprived of his Fifth Amendment rights, and that the nonaction of the district attorney's office amounted to coercion to prevent Alexander from testifying in Simmons' behalf, in that Alexander would not know until after his offer had been recommended to and accepted by the trial judge whether or not testifying in favor of Simmons would work a disadvantage on him by resulting in a longer sentence for a guilty plea than he might otherwise have received. The continuance was refused. After his conviction and sentence for the crime of robbery by intimidation Simmons appeals. *Held:*

1. Where a witness is prevented from testifying for the defense by threats and coercion, or where it appears probable that failure to testify is the result of such treatment, the defendant's rights to a fair trial have been violated. In Webb v. Texas, 409 U. S. 95 (93 SC 351, 34 LE2d 330) (1972), the Supreme Court agreed with the appellant that threats of prosecution for perjury on the part of the trial judge had this result. In Tifford v. Wainwright, 588 F2d 954, 956, the court, using the standard that the defendant's constitutional rights were violated by any ruling resulting in a trial having an attribute of fundamental unfairness, held that the motion to sever of a defendant attorney as to a co-indictee client with whom he was charged with having entered into a conspiracy to protect the latter's criminal activity from coming to light, resulted in such basic unfairness. In United States v. Bell, 506 F2d 207, 222, it was adjudicated that, inarguably, governmental impairment of the accused's ability to call a witness in his behalf could not be tolerated, but that the trial court properly concluded after hearing that the defense failure to call a

co-indictee to the stand was not because the government had conditioned its acceptance of the witnesses' guilty pleas on their not testifying in Bell's case, but rather it was a decision of informed defense counsel after exploring what the probable testimony would be. Again, in Tann v. State, 406 A2d 448 (Md.), the refusal to grant a new trial instead of awaiting the production of a co-indictee in an escapee status was held proper where there was no showing that the co-defendant would have waived his privilege against self-incrimination and testified in favor of the defendant if such postponement had been granted.

In the present case, due to the possible adverse positions of the co-indictees, there was both a severance and the men were represented by different attorneys. The motion to postpone was renewed at the conclusion of the evidence, and Alexander's counsel, who was present, spoke in defense of that position stating that if Alexander were called to testify he would have to advise him either to appear and make incriminating statements with no guarantee that his sentencing position would not be impaired, or to refuse to testify on grounds of self-incrimination, which also might hurt his chances for plea bargaining. Both the trial judge and the district attorney indicated they did not want Alexander's testimony to be changed or influenced by the fact that he had not been sentenced prior to this trial, but the court then stated: "There won't be any retribution on my part. I just would like — I'm just thinking it might be better to go through the normal process of trial. . . What I would probably do under circumstances like that, without committing myself, if he comes forth later on and swears that this defendant was not a party to it, I'd probably grant a new trial."

Nothing in this colloquy suggests the overt prosecutorial attempt to intimidate a witness which was the basis of the rulings in Webb, supra, Tifford v. Wainwright, supra, and like cases. In United States v. Brandenfels, 522 F2d 1259, it was held that the trial court did not commit error in postponing a trial until a co-indictee could be extradited; that is different from removing all onus from a co-indictee witness by postponing another defendant's trial simply for the purpose of sentencing him first.

2. Motions for postponement or continuance are addressed to the sound discretion of the trial court and his decision will not be controlled unless manifestly abused. *Alderman v. State,* 241 Ga. 496 (246 SE2d 642) (1978); *Patterson v. State,* 239 Ga. 409 (238 SE2d 2) (1977).

3. Furthermore, the burden is on the appellant in every case to show not only error but injury. The guilty verdict in this case was returned August 29, 1979. He was not sentenced until October 9, at

which time it appears from the transcript that Alexander had pled guilty and already been sentenced. The notice of appeal was filed on November 2, and no motion for new trial was filed in Simmon's behalf. In view of the trial court's statement during the hearing for postponement to the effect that he would probably grant Simmons a new trial if in fact Alexander, after sentencing, was willing to testify in his co-indictee's behalf at a time when it could not harm him to do so, and that no such offer has been forthcoming, we must assume that such testimony was not forthcoming. In such event any error in refusing a continuance at the time of trial would have had no result on the ultimate outcome of the case.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

<small>ARGUED JULY 7, 1980 — DECIDED SEPTEMBER 4, 1980 — REHEARING DENIED SEPTEMBER 17, 1980.</small>

*Guerry R. Thornton, Jr.,* for appellant.

*Andrew J. Ryan, III, District Attorney, Michael Gardner, Assistant District Attorney,* for appellee.