A91A0030. GARNER v. THE STATE.
(405 SE2d 299)

SOGNIER, Chief Judge.

James Allen Garner was convicted of possession of cocaine with intent to distribute, a violation of OCGA § 16-13-30 (b), and he appeals.

1. Appellant contends the trial court erroneously denied his request to charge on mere presence, which he asserts was his sole defense. "Mere presence at the scene of the crime is not a recognized defense to a criminal charge. Rather, the rule that mere presence without more is insufficient to convict is really a corollary to the requirement that the state prove each element of the offense charged." *Muhammad v. State*, 243 Ga. 404, 406 (1) (254 SE2d 356) (1979). Here, the trial court instructed the jury on the presumption of innocence and the burden on the State to prove each element of the crime beyond a reasonable doubt. See id. Further, the State was not relying on appellant's mere presence at the scene to establish guilt. See *Bruce v. State*, 191 Ga. App. 580, 582 (3) (382 SE2d 367) (1989). At trial, Officer R. Wheeler testified that he watched appellant receive money from a third party in exchange for a packet of what appeared to be cocaine, and when the officer arrested appellant moments later, he observed 11 packages of what proved to be cocaine in the front seat of the car in which appellant was seated. Accordingly, we find no error in the refusal to give the requested charge.

2. Appellant also enumerates as error the trial court's overruling of his objections to two allegedly prejudicial and improper questions asked by the prosecutor, and the failure to give curative instructions

to the jury after sustaining his objection to another improper question.

(a) During her cross-examination of Officer Wheeler, the prosecutor asked him whether Bankhead Courts, the public housing complex where he observed and arrested appellant, had a problem with "public . . . outdoor sales of crack [cocaine]." The court sustained appellant's objection and counsel requested no further action. OCGA § 17-8-75, cited by appellant, provides that when counsel makes "statements of prejudicial matters which are not in evidence," the court must prevent such statements, and, "[o]n objection made, the court shall also rebuke the counsel and by all needful and proper instruction to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender." Nonetheless, in construing this provision, our courts have held that after an objection to an improper question or statement is sustained, the court has no duty to rebuke counsel or give curative instructions absent a further request from the complaining party. *Phillips v. State*, 230 Ga. 444, 445 (1) (197 SE2d 720 ) (1973); see *Vernon v. State*, 152 Ga. App. 616, 617-618 (2) (263 SE2d 503) (1979). Accordingly, given appellant's failure to request further action, we find no reversible error in the trial court's failure to give curative instructions after sustaining appellant's objection.

(b) The other two questions at issue came during the prosecutor's cross-examination of appellant. She first queried whether Bankhead Courts was "an area where people do, in fact, stand on the street and sell drugs." After his counsel's objection was overruled, appellant answered that he was aware there was some drug activity in the area. The prosecutor continued this line of questioning by asking whether "it was so bad at one point that a mail man walking through the area got shot." Appellant's objection to this query also was overruled, but he denied any knowledge of the incident.

We agree with appellant that the court erred by overruling his objections to these questions because they were prejudicial and assumed facts not in evidence. See *Shaw v. State*, 241 Ga. 308, 310 (3) (245 SE2d 262 ) (1978). The error, however, is not reversible if we find it is highly probable that the error did not contribute to the verdict. See *Butler v. State*, 239 Ga. 591, 592 (5) (238 SE2d 387) (1977). With regard to the first question quoted above, the prosecutor previously had elicited testimony from Officer Wheeler on the same point (prior to the question discussed in Division (2) (a) supra) without objection from appellant. See id. In response to the second question, appellant denied knowledge of the incident, and the prosecutor then discontinued that line of questioning. See *Shaw*, supra at 310 (3). Given these factors, plus the overwhelming evidence against appellant, we hold the questions, albeit improper, were not so inflam-

470

matory as to result in reversible error. See id.; see generally *Owens v. State*, 248 Ga. 629, 631-632 (284 SE2d 408) (1981).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 1, 1991.

*Johnathan Goldberg, Avis K. Hornsby*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Constance C. Russell, Assistant District Attorneys*, for appellee.