## S95A0219. WHITE v. THE STATE.
(453 SE2d 6)

CARLEY, Justice.

Appellant was tried before a jury and, although he claimed self-defense, he was found guilty of malice murder and possession of a firearm during the commission of a crime. He was sentenced to life for the murder and given a five-year sentence for possession of the firearm. His motion for new trial was denied and he appeals.[1]

1. Appellant enumerates the general grounds. The evidence would authorize the jury to find the following: Appellant and the victim were rivals for the affection of the same woman and, several days before the homicide, they had a physical altercation which appellant lost. On the day of the homicide, appellant drove to the victim's neighborhood, parked and waited until the victim appeared. Appellant called to the victim and, when the victim leaned into the car, appellant shot him and fled the scene. The victim was unarmed. Eyewitness testimony, as well as the physical evidence, showed that the shooting had not been provoked by the victim's threats of deadly force. This evidence was sufficient to authorize a rational trier of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Adams v. State*, 255 Ga. 356 (338 SE2d 860) (1986).

2. Appellant urges that his trial counsel was ineffective.

At the hearing on the motion for new trial, the burden was on appellant to establish that he received ineffective assistance of trial counsel. *Van Alstine v. State*, 263 Ga. 1, 4 (426 SE2d 360) (1993). To meet this burden, appellant was required to show not only that trial counsel's performance was deficient, but also that, absent trial counsel's deficient performance, there is a reasonable likelihood that the outcome of the trial would have been different. *Strickland v. Wash-*

---

[1] The crimes were committed on June 22, 1993 and appellant was indicted on July 16, 1993. The guilty verdicts were returned and the sentences were entered on December 8, 1993. The motion for new trial was filed on January 4, 1994 and denied on August 25, 1994. The notice of appeal was filed on September 23, 1994 and the case was docketed in this court on October 27, 1994. The appeal was submitted for decision on December 16, 1994.

*ington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Hayes v. State*, 263 Ga. 15 (426 SE2d 557) (1993).

> In assessing selection of trial tactics, "every effort [must] be made to eliminate the distorting effects of hindsight . . . ." [Cit.] Additionally, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." as even "the best criminal defense attorneys would not defend a particular client the same way." [Cit.]

*Hayes v. State*, supra at 16 (3). From the evidence presented at the hearing, the trial court was authorized to find that the failure of trial counsel to do what appellant now claims should have been done was due to counsel's trial strategy, and not a result of inadequate preparation or presentation.

Moreover, the trial court was also authorized to find that, absent trial counsel's alleged deficient performance, there still was no reasonable likelihood that the outcome of the trial would have been any different. Appellant admitted the shooting and none of trial counsel's alleged deficiencies prevented the jury's consideration of the claim of self-defense. See generally *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

3. The remaining enumerations of error relate to the following: The admissibility of evidence regarding appellant's commission of a prior aggravated assault and the trial court's charge with regard to the limited admissibility of this evidence; the admission of evidence which appellant characterizes as hearsay and speculative; the admission of expert testimony by a State's witness who it is contended was without the requisite expertise; the impeachment of appellant's direct testimony in a purportedly improper manner; and, the alleged erroneous impeachment by the State of one of its own witnesses.

All of these enumerations have been considered and none has been found to be meritorious ground for the reversal of appellant's convictions.

*Judgments affirmed. All the Justices concur.*

DECIDED FEBRUARY 13, 1995.

*Barkley & Garner, Richard E. Barnes*, for appellant.
*Stephen F. Lanier, District Attorney, Tambra P. Colston, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Richard J. Warren,*

*Assistant Attorney General,* for appellee.