## S96A1930. LOWE v. THE STATE.

(478 SE2d 762)

CARLEY, Justice.

The grand jury indicted Serchion Lowe for the following offenses: possession of a firearm by a convicted felon; possession of a firearm during the commission of a felony; aggravated assault; and, alternative counts of malice and felony murder. After severance of the count charging possession of a firearm by a convicted felon, Lowe stood trial before a jury on the remaining charges. The jury found Lowe guilty of all of the offenses. On the guilty verdicts for possession of a firearm by a convicted felon and aggravated assault, the trial court entered judgments of conviction and sentences to a term of years. Since the guilty verdict on the alternative felony murder count was vacated by operation of OCGA § 16-1-7, the trial court properly entered a judgment of conviction and life sentence only on the alternative malice murder count. *Malcolm v. State,* 263 Ga. 369, 372 (5) (434 SE2d 479) (1993). The trial court denied Lowe's motion for new trial and he appeals.[1]

---

[1] Commission of the crimes occurred on June 17, 1994 and the grand jury indicted Lowe on October 25, 1994. The jury returned its guilty verdicts on April 7, 1995 and, immediately thereafter, Lowe entered a guilty plea to the pending charge of possession of a firearm by a convicted felon. On that same day, the trial court entered its judgments of conviction and sentences on the jury's verdicts and Lowe's guilty plea. Lowe filed a motion for new trial on

1. The victim confronted Lowe and an initial exchange of angry words escalated into a fist fight. When Lowe broke away and fled, the victim gave chase. Although he caught and resumed hitting Lowe, the victim soon relented and began to retreat toward an awaiting car. As the victim did so, Lowe's girl friend gave him a gun and encouraged him to use it. Lowe then ran after and confronted the unarmed victim. More angry words were exchanged. Lowe fired one shot which struck the victim in the arm and caused him to fall to his knees. Lowe walked over and stood above the victim who was pleading for his life. Ignoring the victim's pleas, Lowe fired a second shot which struck the victim in the abdomen. The victim died from the gunshot to his abdomen.

(a) Lowe enumerates the general grounds, urging that he was not guilty of malice murder by reason of self-defense or that he was, at most, guilty of voluntary manslaughter. However, the jury was authorized to reject Lowe's claim of self-defense, based upon the evidence that, at the time he fired the fatal shot, the unarmed and wounded victim did not present a threat and was begging for his life. See *Rhodes v. State*, 257 Ga. 368, 369 (3) (359 SE2d 670) (1987). As to provocation by the victim, it is undisputed that he initiated a confrontation with Lowe which developed into an exchange of blows.

> [H]owever, if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, of which the jury in all cases shall be the judge, the killing shall be attributed to deliberate revenge and be punished as murder.

OCGA § 16-5-2 (a). Here, the jury was authorized to find that Lowe's fatal shooting of the unarmed victim was not the result of sudden and irresistible heat of passion, but was a deliberate act of revenge committed after a sufficient "cooling off" period. See *Linder v. State*, 132 Ga. App. 624 (1) (208 SE2d 630) (1974), overruled on other grounds, *Woodard v. State*, 234 Ga. 901, 905 (7) (a) (218 SE2d 629) (1975). It follows that, from the evidence adduced at trial, a rational trier of fact was authorized to find proof beyond a reasonable doubt of Lowe's guilt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(b) Lowe further urges that the aggravated assault merged into the malice murder as a matter of fact. However, a separate judgment of conviction and sentence would be authorized if Lowe committed an

---

May 8, 1995 and the trial court denied that motion on May 1, 1996. Lowe filed a notice of appeal on May 29, 1996 and the case was docketed in this Court on August 30, 1996. Lowe submitted his appeal for decision on October 21, 1996.

aggravated assault independent of the act which caused the victim's death. *Drane v. State*, 265 Ga. 255, 260 (9) (455 SE2d 27) (1995). Such an independent aggravated assault was committed if it could be proven by evidence that was not used to prove the murder itself. *Grace v. State*, 262 Ga. 746, 747 (2) (425 SE2d 865) (1993). If, however, the murder itself resulted from the single act of firing a series of shots "in quick succession" at the victim, no aggravated assault independent of the murder would be shown. *Montes v. State*, 262 Ga. 473, 475 (1) (421 SE2d 710) (1992).

The evidence showed that Lowe initially committed a completed aggravated assault by firing a shot and inflicting a non-fatal wound to the victim's arm. Unlike *Montes v. State*, supra, however, this completed aggravated assault was not then followed "in quick succession" by the firing of the fatal shot. Instead, there was an ensuing interval during which Lowe walked around the car and, before firing the fatal shot, took deliberate aim at the wounded and pleading victim. See *Drane v. State*, supra; *Grace v. State*, supra; *Knight v. State*, 190 Ga. App. 87, 88 (2) (378 SE2d 373) (1989); *Watson v. State*, 178 Ga. App. 778, 780 (2) (344 SE2d 667) (1986). Compare *Hayes v. State*, 265 Ga. 1, 2 (2) (453 SE2d 11) (1995) (continuous assault interrupted only by the defendant's unintentional dropping of the weapon, rather than by his deliberate act of repositioning himself for another shot). Thus, the initial aggravated assault and the subsequent murder rest upon entirely independent evidentiary predicates. Since the evidence authorized a finding that Lowe committed an initial aggravated assault independent of his subsequent act which caused the victim's death, a separate judgment of conviction and sentence for that initial aggravated assault was authorized. *Drane v. State*, supra; *Grace v. State*, supra.

2. Lowe urges that the State violated his right to a fair trial by intimidating his girl friend into withdrawing as a defense witness. However, the record shows that counsel for the State merely informed Lowe's girl friend that she faced indictment as a party to the murder. By doing so, counsel for the State did not engage in intimidation, but afforded Lowe's girl friend the opportunity to remain silent as to her involvement in a crime for which she faced criminal prosecution. She conferred with her own counsel and, as was her constitutional right, elected to remain silent rather than to testify. Thus, here, as in *Simmons v. State*, 155 Ga. App. 716, 717 (1) (272 SE2d 506) (1980), there is nothing to suggest an "overt prosecutorial attempt to intimidate a witness. . . ." When Lowe's girl friend informed the trial court of her election to invoke her constitutional right to remain silent, Lowe lost the right to call her as a defense witness. See *Dodd v. State*, 236 Ga. 572, 576 (224 SE2d 408) (1976).

3. Lowe urges that the trial court erred in failing to grant a mistrial after the victim's sister made an emotional outburst during the State's closing argument. The record shows, however, that the sister only sobbed and uttered no intelligible words, and that the court ordered that the jury be removed from the courtroom shortly after the sobbing began. The source of the sobbing was not disclosed, so the jury had no way of knowing whether it came from a friend or relative of the victim or of Lowe. When the jury returned to the courtroom, the trial court gave curative instructions to disregard the incident as irrelevant to the case. Under these circumstances, the trial court did not abuse its discretion in denying Lowe's motion for a mistrial. *Byrd v. State*, 262 Ga. 426 (1) (420 SE2d 748) (1992).

4. In several enumerations, Lowe urges error in the trial court's instructions. However, all but one of those enumerations was waived when, in response to the trial court's direct inquiry, trial counsel did not raise a contemporaneous objection or preserve the right to object at a later time. *McCoy v. State*, 262 Ga. 699, 700 (2) (425 SE2d 646) (1993).

The only objection which Lowe preserved relates to the trial court's instruction on justification. The charge on that issue included the principle that a claim of justification would be unavailable to one who "[i]nitially provokes the use of force against himself with the intent to use such force as an excuse to inflict bodily harm upon the assailant. . . ." OCGA § 16-3-21 (b) (1). The objection raised in the trial court was to the factual applicability of this principle, since the initial provocation came from the victim rather than from Lowe.

The charge did not authorize the jury to convict Lowe " 'of the commission of a crime in a manner not charged in the indictment.' " *Dukes v. State*, 265 Ga. 422, 423 (457 SE2d 556) (1995). It addressed the inapplicability of justification as a defense to the crimes charged in the indictment. Since there was no evidence or contention that Lowe initially provoked the victim's use of force with the intent to use that force as an excuse to shoot the victim, inclusion of the instruction on that principle in the context of the entirety of the charge on justification "did not mislead the jury or violate [Lowe's] due process rights." *Dukes v. State*, supra at 424.

5. Lowe urges that he was not afforded effective assistance of trial counsel. To prevail on this contention, Lowe is

> required to show not only that trial counsel's performance was deficient, but also that, absent trial counsel's deficient performance, there is a reasonable likelihood that the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*White v. State*, 265 Ga. 22-23 (2) (453 SE2d 6) (1995).

(a) Lowe asserts that trial counsel was ineffective for failure to provide pre-trial notice of the intent to call a defense witness who would testify to the victim's commission of prior violent acts against her. *Chandler v. State*, 261 Ga. 402, 407 (3) (405 SE2d 669) (1991). The record shows, however, that the lack of pre-trial notice was only a secondary reason for the trial court's refusal to allow the defense witness to testify. The primary reason was the trial court's determination that the defense witness' testimony did not relate to relevant prior acts of violence by the victim, but to irrelevant prior instances of his threats and menaces. Since the trial court based its ruling primarily upon the irrelevancy of the witness' proffered testimony, there is no reasonable likelihood that the outcome of the trial would have been different had trial counsel complied with the procedural requirements of *Chandler*. Even if trial counsel gave pre-trial notice, the trial court still would have excluded the testimony as irrelevant.

(b) Lowe asserts that, when his girl friend withdrew as a defense witness, trial counsel should have moved for a mistrial or a continuance. As previously discussed in Division 2, however, the election by Lowe's girl friend to remain silent was not a violation of Lowe's rights to a fair trial and was not, therefore, a predicate for a valid motion for mistrial. With regard to a continuance, trial counsel testified at the hearing on Lowe's motion for new trial that he had no reason to believe that Lowe's girl friend might reverse her announced election to remain silent and become a defense witness at some later date. The response of the defense to the election by Lowe's girl friend to invoke her right to remain silent was a matter of trial tactics and the decision by trial counsel not to move for a continuance does not show his ineffectiveness. See *Fortson v. State*, 240 Ga. 5 (1) (239 SE2d 335) (1977).

(c) Lowe urges that trial counsel was ineffective for failing to move for a directed verdict of acquittal on the murder charge. As previously discussed in Division 1 (a), however, the evidence authorized a guilty verdict as to the murder. It must be assumed that the trial court would have denied a non-meritorious motion and properly submitted the issue of Lowe's guilt for murder to the jury. Moreover, if the trial court doubted the sufficiency of the evidence of Lowe's guilt for murder, it could have granted the motion for new trial on the general grounds. See *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995).

(d) Lowe urges that trial counsel was ineffective because he failed to interview an eyewitness who testified for the State. The record shows, however, that trial counsel did attempt to talk with the eyewitness before she testified, but she declined to speak with him. Trial counsel did interview numerous other eyewitnesses and the

record shows he was sufficiently prepared to conduct a thorough and sifting cross-examination of the one eyewitness who had declined an out-of-court interview.

There is a strong presumption that the performance of trial counsel " ' "falls within the wide range of reasonable professional assistance. . . ." ' [Cit.]" *Stewart v. State,* 263 Ga. 843, 846 (6) (440 SE2d 452) (1994). Since Lowe has not rebutted this strong presumption, there is no merit to his claim of ineffective assistance of trial counsel.

*Judgments affirmed. All the Justices concur, except Fletcher, P. J., and Sears, J., who dissent as to Division 1 (b).*

FLETCHER, Presiding Justice, dissenting in part.

I dissent to Division 1 (b) because the aggravated assault count merged with the felony murder conviction as a matter of law and, therefore, the trial court erred in sentencing Lowe on both counts. Although the evidence would support the finding that two assaults occurred, there is no way to tell which assault the jury relied upon in convicting Lowe of felony murder. The indictment specified only one assault. Neither the jury instructions nor the verdict form required the jury to distinguish between the two assaults or to specify which assault it relied upon as the underlying felony in the felony murder count. In construing this ambiguous verdict, this Court must give the defendant the benefit of the doubt.[2] The majority refuses to follow this principle of law and instead erroneously uses the standard of review appropriate for a review of the sufficiency of the evidence.[3] Application of the proper analysis requires a holding that the aggravated assault conviction merged as a matter of law into the felony murder conviction. Accordingly, I dissent.

I am authorized to state that Justice Sears joins in this dissent.

DECIDED NOVEMBER 25, 1996 —
RECONSIDERATION DENIED DECEMBER 20, 1996.

*M. P. Schildmeyer,* for appellant.
*Lewis R. Slaton, District Attorney, Juliette W. Scales, Kirby Clements, Jr., Assistant District Attorneys, Michael J. Bowers, Attorney General, Allison B. Goldberg, Assistant Attorney General,* for appellee.

---

[2] *Lindsey v. State,* 262 Ga. 665 (424 SE2d 616) (1993).
[3] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) (evidence viewed in light most favorable to jury's determination of guilt).