S97A0789. WALDEN v. THE STATE.
(491 SE2d 64)

SEARS, Justice.

Daryl Marquis Walden appeals from his conviction and life sentence for the malice murder of Robert Brown, Jr., claiming that the State's evidence, at most, could only support a conviction for voluntary manslaughter. Because we find that the evidence amply supports Walden's conviction for murder, we affirm.[1]

---

[1] The murder was committed on November 3, 1993, and Walden was indicted on April 25, 1994. The trial commenced on May 8, 1995. On May 10, 1995, Walden was found guilty of murder, and was sentenced to life imprisonment. Walden filed a motion for new trial on May 10, 1995, which was denied by the trial court on August 7, 1996. The transcript was certified by the court reporter on August 8, 1995, and Walden timely filed his notice of appeal with

The evidence introduced at trial, construed most favorably to the verdict, established that on the evening of November 3, 1993, Brown surreptitiously followed his former girl friend, Ms. Thomas, as she drove to the home of appellant Walden, whom she had begun to date. Shortly after Ms. Thomas arrived at Walden's house, Brown drove his car into Walden's driveway. Because of the dark window tint on Brown's car, those present at Walden's home could not see who was driving the vehicle. However, Ms. Thomas pointed at the vehicle and said to Walden, "That's him; he's following me." At that point, Walden entered his house, and retrieved a .9 mm hand-gun owned by his aunt. Brown then drove away from the house. Walden ran down the road behind Brown's car, carrying the pistol. Walden's aunt and Ms. Thomas followed in Ms. Thomas' car. At a nearby church, they saw Walden emerge from behind a sign and he rested there for a moment, until he saw Brown's car driving back toward him.

As Brown's car passed him, Walden fired two shots at it. He attempted to fire at the car again, but his gun jammed. While Walden reloaded the gun's clip, Brown's car drove away, leaving the scene of the shooting. Later, Walden telephoned a friend to enlist his help in searching the area for Brown's car. Walden confided to his friend that he had shot at Brown, but did not know whether he had hit him.

After numerous searches, Brown's car and body were found in a heavily wooded area a short distance from Walden's residence. The car had come to rest after hitting a large tree, and Brown's body was still seated in the driver's seat. The car's lights, heater, and windshield wipers were all still in the "on" position when the car was found. Additionally, police found a sawed-off .12 gauge shotgun on the floorboard of Brown's car. Forensic analyses later determined that two bullets had entered the car's rear passenger side, one of which hit Brown's back near his right shoulder, killing him. Testimony also indicated that Brown and Walden had had an ongoing disagreement that previously had resulted in physical struggles and verbal threats.

Before Brown's body was discovered, Walden gave his first written statement to the police, in which he admitted firing two shots at the victim's vehicle. After finding Brown's body, police questioned Walden again. At the second questioning, Walden gave another statement in which he again admitted to firing two shots toward the rear of victim's vehicle, after which the gun jammed.

1. The evidence introduced at trial was sufficient to authorize a rational trier of fact to find Walden guilty of murder beyond a reason-

this Court on August 29, 1996. The appeal was docketed with this Court on February 19, 1997, and submitted for decision without oral argument on April 14, 1997.

able doubt.[2]

2. In his sole enumeration of error, Walden contends that the evidence adduced at trial was sufficient only to support a conviction for voluntary manslaughter. We disagree. Voluntary manslaughter occurs when one causes the death of another under circumstances which otherwise would be murder, only if one acts solely as the result of a sudden, violent and irresistible passion that was caused by a serious provocation sufficient to excite such passion in a reasonable person.[3] If there was an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard (an issue to be decided by a jury), the killing shall be punished as murder.[4] Walden argues that the killing was incited by "serious provocation," as evidenced by his ongoing quarrels with Brown, and the .12 gauge shotgun discovered in Brown's vehicle.

However, it is undisputed that Walden did not know of Brown's shotgun at the time of the murder. Due to the tinting on the car's windows, no one present on the evening of the killing could see into Brown's car well enough to even recognize its occupants, much less objects located on the car's floorboard. Concerning the continuing quarrels and an alleged threat by Brown to "get" Walden, the jury was authorized to find that a reasonable "cooling off" period took place before the killing, as there was an interval of some time between Brown and Walden's last confrontation and the killing.[5] Because the killing was not the result of sudden and irresistible passion, but rather was attributable to a deliberate act of aggression committed after a sufficient "cooling off" period, the jury was authorized to convict Walden of murder.[6]

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 1997.

*Thomas J. O'Donnell, Jr.,* for appellant.

*Richard A. Malone, District Attorney, Samuel H. Altman, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Christopher S. Brasher, Assistant Attorney General,* for appellee.

---

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] OCGA § 16-5-2 (a).
[4] See *Lowe v. State,* 267 Ga. 410, 411 (478 SE2d 762) (1996).
[5] See *Lowe,* supra.
[6] Id.; see OCGA § 16-5-2.