## A98A0608. MINOR v. THE STATE.
### (502 SE2d 272)

Judge Harold R. Banke.

Curtis Minor was convicted of burglary, rape, aggravated assault, and false imprisonment. In his sole enumeration, Minor argues that the trial court erred in denying his motion for continuance.

The victim woke around 1:00 a.m. with Minor, a co-worker, standing beside her bed. He beat her, threatened her with a knife and gun, and raped her. Then he wiped her off, told her not to move for ten minutes, and left.

Just prior to trial, Minor's family retained private counsel for him and Minor attempted to discharge his court-appointed counsel. After private counsel unsuccessfully moved for a continuance to prepare a defense, Minor agreed "under protest" to representation by his appointed counsel at trial. *Held*:

The trial court did not abuse its discretion in denying Minor's motion for a continuance. *Aleman v. State*, 227 Ga. App. 607, 610 (2) (a) (489 SE2d 867) (1997). The denial of such motions is appropriate to prevent the defendant from using the discharge and employment of counsel as a dilatory tactic. Id. To determine whether such a tactic is being attempted, consideration of the defendant's conduct is relevant and proper. Id.

The record shows that a week after Minor's arrest on June 7, 1995, he was provided with appointed counsel. In November 1995, Minor, unhappy with the progress of his case and facing a sentence of life without parole due to his prior convictions, requested a new attorney. The court granted that request in March 1996, on conflict of interest grounds. Shortly thereafter, the court also granted a continuance until the next term of court to allow the newly appointed counsel to prepare for trial, which was specially set for December 2, 1996.

Notwithstanding Minor's complaints about the quality of representation he received, it is undisputed that his second appointed counsel, who testified that Minor refused to cooperate or communicate with him, expended over 60 hours preparing the case. It is also undisputed that as his trial date approached, Minor attempted to discharge his second appointed counsel, a tactic previously successful in delaying his trial for months. The record shows that Minor's family retained private counsel at his request, just prior to the trial date.

In denying the motion for continuance, the trial court concluded that the change in counsel was a dilatory tactic meant to delay the proceedings. After determining to hold the trial that day, it gave Minor the choice of either lawyer and also offered private counsel the option of assisting in the trial if he desired.

Based on these facts, the trial court was authorized to conclude

that Minor was attempting to use the discharge and employment of his lawyers as dilatory tactics. See *Loggins v. State*, 225 Ga. App. 713, 714 (1) (484 SE2d 758) (1997). Further, inasmuch as Minor's second appointed counsel was prepared for trial, the evidence was overwhelming, no proffer of the testimony of the witnesses counsel purportedly failed to contact was given, and no other errors are enumerated, we believe Minor failed to show how additional time would have helped him or how he was harmed by the denial of the continuance. *Brown v. State*, 214 Ga. App. 733, 735 (2) (449 SE2d 136) (1994).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED APRIL 22, 1998 —
RECONSIDERATION DISMISSED MAY 19, 1998.

*Chevene B. King, Jr.*, for appellant.
*J. David Miller, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys*, for appellee.