## A99A0975. STEWART v. THE STATE.
### (521 SE2d 468)

MILLER, Judge.

Troy Stewart, Jr. was convicted of rape, aggravated assault, and false imprisonment. He enumerates two errors by the trial court: admitting evidence of two prior similar transactions and not continuing the case to allow him to seek other counsel.

1. Stewart objected to the first similar transaction at the pre-trial Uniform Superior Court Rule 31.3 (B) hearing, but failed to do so at trial. In fact, when asked by the court if he had any objections to the certified conviction evidencing the transaction, Stewart's counsel affirmatively stated he had none.

> Even though [defendant] objected to the introduction of the similar transaction evidence at the hearing conducted pursuant to Uniform Superior Court Rule 31.3 (B), he was required to object to the introduction of the similar transaction evidence at trial in order to preserve the issue on appeal. *Smith v. State*, 268 Ga. 42 (3) (485 SE2d 189) (1997).

*Young v. State*, 269 Ga. 478, 479 (3) (499 SE2d 60) (1998). "[T]he rule requiring a trial objection on similar transaction evidence is firm in Georgia jurisprudence, and we are bound to follow it." (Footnote omitted.) *McClarity v. State*, 234 Ga. App. 348, 350 (2) (506 SE2d 392) (1998). Stewart's failure to object at trial waived further review of the issue.

The evidence regarding the second similar transaction was not admitted at trial, even though the court indicated at the pre-trial USCR 31.3 (B) hearing that it would admit the evidence. At trial, Stewart successfully objected to the evidence on grounds of hearsay. Stewart failed to request a curative instruction or mistrial regarding the single testimonial reference to the prior sexual assault (which reference was made just before Stewart lodged the hearsay objection), and thus waived any complaint regarding same. *Garner v. State*, 199 Ga. App. 468, 469 (2) (a) (405 SE2d 299) (1991). Moreover, the court sua sponte gave a curative instruction at the close of the evidence, which clearly directed the jury to disregard the reference. We discern no error.

2. On the morning of the first day of trial (before a jury was impaneled), Stewart announced he wanted to dismiss his counsel on the ground that counsel had not met with him nor adequately prepared for trial. The court inquired into the matter and determined that Stewart's counsel, whom he had retained ten months earlier, had met several times with him, had fully reviewed the State's file, and was prepared to try the case. Noting also the late nature of the

request for new counsel, the court ordered the case to proceed with the same counsel without delay.

Stewart complains on appeal that the trial court erred in not ordering a continuance of the trial to allow him to seek other counsel. He argues this forced him to trial without the benefit of counsel of his choice, in violation of his Sixth Amendment rights under the United States Constitution, and of his rights under Article I of the Georgia Constitution.

Setting aside the question of whether the issue was waived by Stewart's failure to move for a continuance (see *Watts v. State*, 265 Ga. 888 (2) (463 SE2d 696) (1995)), we note that the right to obtain counsel of choice

> does not mean that a defendant may retain any counsel at any time he wishes. . . . A defendant's right to counsel may not be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same.

(Citations and punctuation omitted.) *Lynd v. State*, 262 Ga. 58, 62 (9) (a) (414 SE2d 5) (1992). A motion for continuance based on a desire to discharge counsel or a claim of inadequate preparation addresses itself to the sound discretion of the trial court, which decision we will not disturb absent a clear showing of abuse. *Massalene v. State*, 224 Ga. App. 321, 322 (1) (480 SE2d 616) (1997).

One factor to consider is the request's timing. This dismissal request made on the morning of trial, particularly where the case had been on the calendar for some time, indicated that Stewart was attempting to use the discharge as a dilatory tactic, which the judge was authorized to prevent. *Massalene*, supra; *Mallory v. State*, 225 Ga. App. 418, 422 (4) (483 SE2d 907) (1997). We discern no abuse in the court's exercise of its discretion to order the matter to proceed with the same counsel without delay.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 9, 1999.

*Billy C. Mathis, Jr., Caroline A. Cormack*, for appellant.
*Kenneth B. Hodges III, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.