## A00A1022. PHAGAN v. THE STATE.
(533 SE2d 757)

McMurray, Senior Appellate Judge.

A Glynn County jury convicted defendant of one count of burglary.[1] Thereafter, the superior court denied defendant's motion for new trial, and he now appeals, contending that the superior court erred: (1) in failing to sua sponte declare a mistrial after ruling defendant's custodial statements inadmissible as unwarned,[2] and (2) in denying his motion for new trial on the insufficiency of the evidence.

The uncontroverted evidence adduced at trial showed that Officer Tiona McDaniel of the Glynn County Police Department was dispatched to Fred Stregle Auto Sales at 3309 Glynn Avenue in the early morning hours of July 22, 1997, to investigate a possible burglary — this upon a call for assistance from Joyce Stregle who, while working late at the used car dealership owned by her husband, Fred, heard the sound of breaking glass. Officer McDaniel testified that upon arriving at the dealership she noticed that a light was on inside and observed movement behind the blind of a broken window. Following the arrival of backup officers, Officer McDaniel went through the broken window and arrested the defendant whose left hand was cut and bleeding. Other evidence introduced at trial established that computer equipment and the keys to the cars on the lot were among the valuables inside the dealership and that Mr. Stregle's checkbook had been moved from the middle left drawer of his desk to the desktop and opened. *Held*:

1. The superior court did not err in failing to grant a mistrial sua sponte in the case sub judice. After arresting the defendant at the scene of the burglary, Officer McDaniel transported the defendant to the Glynn County Police Department. There, as the defendant was being booked by Detective Wayne M. "Chip" Anderson, Jr. and in the presence of Officer McDaniel, defendant purportedly blurted two custodial statements explaining his presence at the crime scene — first, that he broke into the used car business to take the keys to one of the cars because he needed a place to sleep and, second, that he needed the keys to steal a car to leave town in. Officer McDaniel did not advise the defendant of his *Miranda* rights because Detective Anderson believed him to be so intoxicated as to require questioning him later. It appears that the presiding judge at the suppression hearing

---

[1] OCGA § 16-7-1.

[2] "Under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1969), persons must be advised of their rights with respect to interrogation after being taken into custody or otherwise deprived of their freedom in any significant way. 384 U. S. at 444." *Reinhardt v. State*, 263 Ga. 113, 114 (3) (a) (428 SE2d 333).

conducted before trial ruled these statements admissible in evidence as volunteered.[3] Defendant's counsel did not object to these statements when they were initially admitted at trial as a part of Officer McDaniel's testimony. Counsel, however, later objected as to the admissibility of defendant's statements in an out-of-court hearing conducted during Detective Anderson's testimony, arguing that defendant's statements came in the context of a custodial interrogation because, as Detective Anderson booked the defendant, he asked the defendant if he had been drinking. In an abundance of caution and reversing the ruling on defendant's motion in limine at the suppression hearing, the superior court ruled that defendant's custodial statements were inadmissible for want of *Miranda* warnings. Though the superior court offered to grant a mistrial to defendant on this predicate, the defendant declined through counsel. Thereafter, rather than sua sponte granting a mistrial, the superior court determined that it should give a curative instruction and, after the jury returned to the courtroom, did so without objection. We conclude that defendant, having not moved for a mistrial, waived any right to complain on appeal that a mistrial was not granted, whether upon his request or sua sponte by the superior court.[4] Moreover, defendant here declined the superior court's offer of a mistrial, thus acquiescing in a trial by jury without sua sponte grant of mistrial. Defendant cannot complain on appeal for this reason as well.[5]

2. Viewed in the light most favorable to the verdict, the evidence is sufficient to authorize the jury's verdict that the defendant is guilty, beyond a reasonable doubt, of burglary as alleged in the indictment.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[6] Conflicts in the testimony of the witnesses, includ-

---

[3] *Brenneman v. State*, 200 Ga. App. 111, 113 (1) (407 SE2d 93) ("If an accused volunteers a noncoerced statement then it is not necessary to invoke the tests which only apply to information obtained as a result of interrogation. . . .") (citations and punctuation omitted).

[4] *Brewer v. State*, 219 Ga. App. 16, 19 (4) (463 SE2d 906); see also *Stewart v. State*, 239 Ga. App. 543 (1) (521 SE2d 468), citing *Garner v. State*, 199 Ga. App. 468, 469 (2) (a) (405 SE2d 299).

[5] *Osborne v. State*, 239 Ga. App. 308, 311 (2) (521 SE2d 226) ("'A party may not acquiesce in actions by the trial court and later complain of that same conduct on appeal. See *Davis v. State*, 203 Ga. App. 315, 318 (6) (416 SE2d 789) (1992).' [Cit.]").

[6] 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

ing the State's witnesses, is a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.[7]

Independent of defendant's statements ruled inadmissible by the superior court, it is not in issue that defendant was arrested inside Fred Stregle Auto Sales, a window having been broken and defendant having a bleeding hand. Further, there being no other apparent motive for the defendant entering the dealership, the jury was particularly authorized to infer that he entered the premises with the intent to steal in view of the presence of valuables in the dealership and that a checkbook had been disturbed.[8]

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED APRIL 13, 2000.

*Patrick C. Kaufman,* for appellant.

*Stephen D. Kelley, District Attorney, Charles K. Higgins, Assistant District Attorney,* for appellee.

---

[7] (Citations and punctuation omitted.) *Brewer v. State,* 219 Ga. App. at 17 (1), supra.

[8] *Bradshaw v. State,* 172 Ga. App. 330, 332 (2) (323 SE2d 253); *Parrish v. State,* 141 Ga. App. 631 (1) (234 SE2d 174).