S00A1857. BLAKE v. THE STATE.
(542 SE2d 492)

SEARS, Justice.

Appellant Junior Allen Blake appeals his convictions for murder, kidnapping, and theft.[1] Finding no error associated with the trial

---

[1] The crimes occurred on March 12, 1997. Appellant was indicted on November 15,

court's evidentiary and procedural rulings, or with appellant's sentencing, we affirm.

The evidence of record shows that for two months in early 1997, appellant was romantically involved with the victim Shelly Richards. When Ms. Richards attempted to end the relationship, appellant became very persistent in his attempts to continue it. Eventually, appellant exhibited obsessive behavior directed toward Ms. Richards; he called her constantly, sent her unwanted gifts and flowers, and refused to accept her rejections of him.

One morning, Ms. Richards agreed to drive appellant to a car dealership where his car was being repaired. Ms. Richards took her young grandson, Khadeem, with her. When Ms. Richards arrived at appellant's house, he shot her 14 times while she was in the front yard. Appellant then went into the house and retrieved a knife, returned to Ms. Richards and stabbed her repeatedly, killing her. Appellant then fled in Ms. Richards's car, with Khadeem still inside. Numerous eyewitnesses provided testimony as to Ms. Richards's killing. Three days later, Ms. Richards's car was spotted in front of a McDonough, Georgia, convenience store, with Khadeem inside the car. Appellant was arrested at the scene. At trial, appellant's sole defense was insanity, which he claimed was caused by a temporal lobe disorder that caused him to uncontrollably kill Ms. Richards.

1. The evidence of record, construed most favorably to the verdict, was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of the crimes he was convicted of having committed.[2]

2. Appellant contends that the trial court erred in permitting Jennifer Walton to testify that in January 1997 appellant (who was in New York at the time) told her on the telephone that he intended to kill another woman, the mother of his child, because the woman was involved in a lesbian relationship. Ms. Walton testified that after this conversation, she flew to New York and personally drove appellant back to Georgia.

The trial court properly admitted Ms. Walton's testimony, because it served to rebut appellant's sole defense at trial — insanity that rendered him unable to control his actions in killing the victim. Ms. Walton's testimony rebutted this claim by showing appellant's

1999, for malice and felony murder, kidnapping and theft by taking. After a trial was held on February 29, March 1-3, and March 6-9, 2000, appellant was found guilty on all counts. The trial court merged the felony murder conviction with the malice murder conviction, and sentenced appellant to life imprisonment, plus twenty consecutive and ten concurrent years. Appellant's notice of appeal was filed on April 14, 2000, the appeal was docketed with this Court on July 28, 2000, and was submitted for decision without oral argument on September 18, 2000.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

mental state and course of conduct in the time period immediately preceding his murder of Ms. Richards, and thus it was admissible. Testimony recounting a prior threat of violence is generally "both material and competent to show the state of mind, plan and motive of the defendant. It tend[s] to rebut a claim of insanity by showing a course of conduct . . . as contrasted to an act carried out [by one who is wholly] insane."[3]

3. After conviction and before sentencing, appellant sought to discharge his trial counsel and to continue the sentencing hearing until new counsel could be retained. Contrary to appellant's contention, the trial court did not abuse its discretion by refusing both of these requests.

After convictions were rendered by the jury, sentencing was continued for one week so that appellant's family could travel to Atlanta from New York. The trial court stated at that time that a second continuance would not be granted; an act that was within the court's discretion.[4] After the one week continuance, appellant stated immediately before the sentencing hearing was to begin that he desired the appointment of different counsel to represent him at sentencing. Upon questioning from the trial court, appellant stated that he was not dissatisfied with counsel's performance, but was upset that counsel had been appointed by the State (i.e., the entity prosecuting him) to represent him at trial.

The decision whether to grant a continuance based upon a desire to change counsel during trial rests soundly within the trial court's discretion.[5] Had a second continuance been granted in this matter, there would have been a lengthy delay prior to sentencing so that new counsel could become familiar with the case, study the transcript, and confer with appellant. In light of that fact, and in light of the evidence indicating that appellant received adequate representation from his trial counsel both at trial and at the sentencing hearing, we conclude that the trial court did not abuse its discretion in denying appellant's request for a continuance and for his counsel to be discharged.[6]

4. Appellant claims that the trial court erred during sentencing by commenting (1) that appellant may have stalked his victim before killing her, although there was no evidence of such introduced by the State; and (2) that appellant likely kidnapped the victim's grandson

---

[3] *Blake v. State*, 239 Ga. 292, 295 (236 SE2d 637) (1977). See *Hollis v. State*, 215 Ga. App. 35, 37 (450 SE2d 247) (1994); *Prophitt v. State*, 183 Ga. App. 332, 333 (358 SE2d 892) (1987). We note that the trial court gave the jury a limiting instruction that it was to consider Ms. Walton's testimony only for purposes of determining appellant's state of mind.

[4] See *Gibbons v. State*, 229 Ga. App. 896 (495 SE2d 46) (1997).

[5] *Stewart v. State*, 239 Ga. App. 543 (521 SE2d 468) (1999).

[6] Id. See *Minor v. State*, 232 Ga. App. 568 (502 SE2d 272) (1998).

with the intention to hold the child as a hostage. Appellant claims that these comments, although made outside the presence of the jury, indicate the trial court's predisposition to punish appellant harshly for his crimes.

When sentencing, a trial court may consider any evidence that was properly admitted during the guilt-innocence phase of the trial, and may also consider the conduct and attitude of the defendant during trial.[7] A trial court should not, however, take into account when sentencing any considerations that are not clearly shown by the evidence of record. In this matter, the trial court should not have made the comments recounted above, even outside the jury's presence, because they were not reflective of the evidentiary showings made against appellant at trial. However, insofar as the trial court had no option other than to sentence appellant to life imprisonment for his murder conviction,[8] and insofar as appellant's consecutive twenty-year sentence for kidnapping and concurrent ten-year sentence for theft were well within the applicable statutory limits,[9] we conclude that the statements did not result in any prejudice against appellant.

5. Appellant claims his trial counsel was ineffective for failing to call several witnesses and for failing to introduce into evidence appellant's diary. However, appellant cites to no evidence of record to show what the unidentified witnesses he claims should have been called to testify would have added to his defense at trial; nor does he state what his diary, if admitted into evidence, would have shown. To prevail on his claim of ineffective assistance, appellant must show that, "absent trial counsel's [purported] deficient performance, there is a reasonable likelihood that the outcome of the trial would have been different."[10] In this matter, because appellant has not shown what the alleged evidentiary omissions would have added to his defense, it is impossible to assess whether such evidence would have changed the outcome of his trial. Accordingly, this enumeration is rejected.[11]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 16, 2001.

*Melvin Abercrombie*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Kristin L. Wood, Assistant District Attorneys, Thurbert E. Baker, Attorney Gen-*

---

[7] *Boney v. Tims*, 254 Ga. 664, 665 (333 SE2d 592) (1985); see *Rogers v. State*, 191 Ga. App. 855 (383 SE2d 331) (1989).

[8] OCGA § 16-5-1.

[9] OCGA §§ 16-5-40, 16-8-12 (a) (1).

[10] *White v. State*, 265 Ga. 22, 23 (453 SE2d 6) (1995), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[11] See *Strickland*; *Lowe v. State*, 267 Ga. 410, 413 (478 SE2d 762) (1996).