### A03A0134. BLEVINS v. THE STATE.
(575 SE2d 927)

BLACKBURN, Presiding Judge.

Following a jury trial, John Blevins appeals his conviction for burglary, contending that the evidence was insufficient to support the verdict. For the reasons set forth below, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

*Phagan v. State*.[2]

Viewed in this light, the record shows that, on the afternoon of May 2, 2000, Brenda Rhoden placed her purse under her bed, locked her door, and left her apartment to go to work. While Rhoden was away, Rhoden's neighbors saw Blevins, Rhoden's ex-boyfriend, standing on her doorstep. One of the neighbors actually saw Blevins walking out of Rhoden's apartment. Blevins, who had broken up with Rhoden a few weeks earlier, did not have a key to the apartment.

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

After returning home from work the following morning, Rhoden discovered that approximately $150 had been removed from her purse. Although there were other items of value on the premises, nothing else in the apartment had been disturbed. Rhoden then asked her neighbors if they had seen anything unusual the prior day, and both told Rhoden that they had seen Blevins on the premises. At trial, Blevins admitted that he knew that Rhoden habitually hid her purse under her bed.

This evidence was sufficient to support the verdict. See *Jackson*, supra.

Although Blevins contends that he never entered the apartment and that he merely left a note for Rhoden's son on the door, the result herein does not change. The jury, not this Court, is the proper arbiter of credibility. See *Phagan*, supra.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED JANUARY 9, 2003.

*Rodney L. Mathis*, for appellant.

*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.

