## A10A0335. LAMBERT v. THE STATE.
## A10A0336. SCHAUB v. THE STATE.
### (690 SE2d 447)

MIKELL, Judge.

Candice A. Lambert and her mother, April L. Schaub, were convicted in a joint trial of theft by taking. The trial court sentenced each defendant to eight years on probation, but ordered Schaub to serve the first ninety days in jail. On appeal from the orders denying their respective motions for new trial, each defendant contends that the evidence is insufficient to support her conviction. We disagree and affirm both convictions, consolidating the appeals for disposition in a single opinion.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] Conflicts in the testimony of the witnesses, including the [s]tate's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.[2]

Construed most favorably to uphold the jury's verdict, the evidence shows that on June 6, 2007, Jeffery Jordan, an automobile technician, cashed his paycheck of $2,552.62. Jordan testified that he put the cash in his wallet, which was so full that he had to put a rubber band around it to keep it closed. Three days later, on Saturday, Jordan and his girlfriend, Veronica Malfatone, who refer to

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] (Footnotes omitted.) *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

each other as husband and wife, had a cookout at their home. Jordan testified that he had his wallet in his pants. Due to the heat, Jordan went inside to change into shorts, leaving his wallet in his pants on his bedroom floor.

The first guest to arrive was Lisa Wellons, a friend of Jordan's adult daughter, Celita. Schaub, her three-year-old daughter, P. S., and Lambert accompanied Wellons. P. S. played with K. J., Jordan's five-year-old daughter. Celita and her boyfriend, Ernie, came over later in the evening.

Jordan testified that during the evening, he and Veronica were sitting around a table with Schaub, Lambert, and Wellons, who was passed out drunk. Refreshments were running low, and Veronica decided to go to the store. Jordan told Veronica that his money was in his wallet in his pants on the bedroom floor and that she should take some of that money to buy drinks. Schaub and Lambert were present during this conversation. Veronica did not get money from inside the house, however; she used a debit card instead. After she returned home, Schaub and Lambert asked to use Jordan's bathroom. They stayed inside approximately ten minutes. During this time, K. J. and P. S. were inside the house. Celita and Ernie stayed outside.

Jordan testified that he first noticed that his money was missing the following morning when he got up to go to the store. He called the police. Before they arrived, K. J. told Jordan what she saw. K. J. testified that while she and P. S. were playing inside the house, she saw Schaub and Lambert crawl on the floor into Jordan's bedroom, take the wallet out of his pants, remove the rubber band, take out the money, put the rubber band back around the wallet, and put the wallet back in Jordan's pants. Schaub and Lambert then told K. J. that they were ready to go. K. J. identified Schaub and Lambert in court as the persons who took Jordan's money.

Detective William Stephens with the Cobb County Police Department investigated the theft. He testified that K. J. was brought in for a formal interview, that she explained what happened, and that she acted out the incident in the interview room. A videotape of the interview was played for the jury.[3]

In challenging the sufficiency of the evidence to support their convictions, appellants contend that K. J.'s version of the theft was not credible because she testified that the defendants shut Jordan's bedroom door when they were in his room. Therefore, they contend, K. J. could not have observed the theft, as she testified. Defendants cite the principle that "[c]ourts and juries are not bound to believe

---

[3] The videotape has not been included in the record on appeal.

testimony as to facts incredible, impossible, or inherently improbable,"[4] even if such testimony is given under oath. This principle affords them no relief, however, as it is also true that "[a] jury is authorized to believe or disbelieve all or any part of the testimony of witnesses, and it serves as the arbiter of conflicts in the evidence before it."[5] The jury need not have determined from the child's testimony that the door was fully closed during the entire incident such that she could not have observed the defendants take the money from Jordan's wallet. As stated above, an appellate court does not weigh the evidence or judge the credibility of the witnesses.[6] Moreover, Jordan testified that the defendants were the only ones alone in the house aside from the children, thus providing circumstantial evidence of their guilt.

> A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated.[7]

We find the evidence, both direct and circumstantial, sufficient to uphold the defendants' convictions of theft by taking beyond a reasonable doubt.

*Judgments affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 21, 2010.

*Frederick M. Scherma*, for appellant (case no. A10A0335).
*Anthony O. Van Johnson*, for appellant (case no. A10A0336).
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.

---

[4] *Oakes v. State*, 201 Ga. 365, 374 (39 SE2d 866) (1946).

[5] (Punctuation and footnote omitted.) *Bakyayita v. State*, 278 Ga. App. 624, 628 (3) (629 SE2d 539) (2006). See *Strong v. State*, 232 Ga. 294, 301 (206 SE2d 461) (1974).

[6] *Phagan*, supra at 569 (2).

[7] OCGA § 16-8-2.